## 29189. BYRD v. RICKETTS.

GUNTER, Justice.

This appeal is from a habeas corpus judgment that remanded the appellant to custody. We affirm that judgment.

The appellant was indicted for three armed robberies

which were allegedly committed on February 23, 1973. The appellant was admitted to bail; he was present when his case was called for trial and pled not guilty; he was represented by counsel, and he and his counsel selected a jury; court was adjourned for the noon recess, and after recess, appellant did not reappear; the trial judge ordered the trial to proceed on the ground that the accused had voluntarily absented himself from his trial; appellant's counsel represented him throughout the trial even though the appellant was not present; the jury found the appellant guilty on all three counts of the indictment; after deliberating about two hours the jury could not reach sentence verdicts; the trial judge then took the case from the jury and imposed sentences on each count to run consecutively; appellant's counsel filed a motion for a new trial which was later overruled because appellant was still a fugitive; no appeal was taken; appellant was apprehended in Ohio several months later and returned to custody in Georgia; and he then filed his application for a writ of habeas corpus.

Appellant argues that it was error to try him and sentence him in his absence. He claims that his confrontation rights, guaranteed by both the Georgia and Federal Constitutions were violated. Confrontation rights are personal to the accused and are waived when the accused is free on bail and voluntarily absents himself from the trial. See *Wilson v. State,* 212 Ga. 73 (90 SE2d 557) (1955); *Frank v. State,* 142 Ga. 741 (83 SE 645) (1914); *Cawthon v. State,* 119 Ga. 395 (46 SE 897) (1903); *Miller v. State,* 122 Ga. App. 869 (179 SE2d 265) (1970); *Vicks v. State,* 42 Ga. App. 451 (156 SE 729) (1931); Diaz v. United States, 223 U. S. 442 (32 SC 250, 56 LE 500) (1912); Taylor v. United States, 414 U. S. 17 (94 SC 194, 38 LE2d 174) (1973).

On the issue of imposing sentence in the absence of the accused, and when the accused has voluntarily absented himself, we find no Georgia case directly in point. However, there is considerable authority to the effect that the voluntary absence of the accused waives his right to be present when sentence is imposed. See People v. Rife, 18 Ill. App. 3d 602 (310 NE2d 179) (1974); State v. Kelly, 213 Kan. 230 (515 P2d 1030) (1973); People v.

White, 18 Cal. App. 3d 44 (95 Cal. Rptr. 576) (1971); People v. Colon, 66 Misc. 2d 956 (322 NYS2d 907) (1971).

The other enumerated errors are without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1974 — DECIDED FEBRUARY 4, 1975 — REHEARING DENIED FEBRUARY 25, 1975.

*Edwin M. Saginar,* for appellant.

*Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General, Larry H. Evans, Deputy Assistant Attorney General,* for appellee.