## 32486. SHAW v. THE STATE.

Bowles, Justice.

The appellant, James Tony Hugh Shaw, Sr., was convicted of murder by a Whitfield County Superior Court

jury. He was sentenced to life imprisonment. In this appeal, he enumerates as error the trial court's rulings on three of his pre-trial motions. After a careful review of the record, we affirm the conviction.

During the May term of 1976, the Whitfield County Grand Jury returned a true bill of indictment charging the appellant with murder. The case was called for trial on August 30, 1976. A jury was selected, but it was never sworn, by having the oath administered to it. Preliminary instructions were given by the judge, who then excused the jury. On the next court day, the district attorney entered a motion for continuance stating that he had just learned that a key witness for the state was to be hospitalized in Atlanta that afternoon, and was expected to be in the hospital for one week. The district attorney stated that the witness' testimony was material to his case; that he had no prior knowledge of the witness' condition; that the witness was not absent with his permission; and that his motion had not been made for the purpose of delay. The court granted the motion and the jury was dismissed.

Prior to appellant's trial on October 18, 1976, appellant filed several motions, including a plea in bar, a dismissal of the indictment and disqualification of the district attorney. All three motions contained allegations of prosecutorial misconduct in connection with the district attorney's motion for continuance. The motions were denied. The trial proceeded. The jury returned a verdict of guilty of murder.

1. Appellant complains that the trial court erred in sustaining the state's demurrer to his plea in bar. In his plea in bar, appellant alleged that the district attorney intentionally and unjustly prevented him from being tried by the jury first selected in his case by its motion for continuance, and that the trial court, by granting said motion, denied him his constitutional right against double jeopardy.

Contrary to appellant's contentions, the record shows that the state filed a traverse to appellant's plea in bar as well as a demurrer to the plea in bar. Therefore, the case of *Ruffin v. State,* 29 Ga. App. 214 (2) (114 SE 581), has no application to this case.

A defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled and a jury has been impaneled and sworn. *Jones v. State,* 232 Ga. 324 (206 SE2d 481) (1974). Code Ann. § 26-507. The record shows that the first jury selected in this case was never administered the oath, and thus, was never properly sworn such that jeopardy would attach. Because the jury was not sworn and jeopardy had not attached, the trial court's grant of a continuance could not be considered a "provoked mistrial" as appellant contends. Appellant's argument that he was placed in jeopardy twice is without foundation in law or fact, and has no merit.

All applications for continuance are addressed to the sound discretion of the court and shall be granted or refused as the ends of justice may require. *Foster v. State,* 213 Ga. 601 (100 SE2d 426) (1957); Code Ann. § 81-1419. A ruling by the trial court on such a motion may be disturbed on appeal only if there has been an abuse of discretion. *Smith v. State,* 235 Ga. 620 (221 SE2d 41) (1975).

The record shows that a continuance in this case was granted because of the hospitalization of a key witness, material to the state's case. The trial court ascertained that the witness was in fact absent; had been subpoenaed; did have testimony material to the case; was not absent by permission; and would be able to appear at a later date. Under this set of facts, we find no abuse of the trial court's discretion in granting a continuance. Code Ann. § 81-1410. It was not error to sustain the state's demurrer to the plea in bar.

2. The appellant complains that the trial court erred in denying his motion to disqualify the district attorney. There is no showing in the record of bad-faith conduct on the part of the district attorney. The appellant's only ground on this motion was the district attorney's action in making a motion for continuance. This issue has been dealt with above. It was not error to deny the motion.

3. Appellant complains that the trial court erred in denying his motion to dismiss the indictment due to the state's violation of his constitutional rights to inspection

under Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). The appellant filed a motion to dismiss the indictment alleging misconduct on the part of the district attorney. Nothing in this motion could be read to have raised a Brady objection. For this reason it was not error to dismiss appellant's motion to dismiss the indictment.

The appellant also filed a motion to compel disclosure. The motion was granted and the court, after making an in camera inspection of the state's files, found no evidence to be disclosed. The burden then shifted to the appellant to show that there had been evidence withheld which was materially favorable to his case. *Street v. State*, 237 Ga. 307 (9) (227 SE2d 750) (1976). While appellant alludes to a document offering probation to one of the state's star witnesses in exchange for his testimony, upon cross examination the witness stated that the only document in existence was his own statement that he was turning state's evidence. Appellant has failed to show that this document was "so important that its absence prevented the accused from receiving his constitutionally guaranteed fair trial" as required by Brady v. Maryland, supra. See *Carter v. State*, 237 Ga. 617 (229 SE2d 411) (1976). We find no error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 1, 1977 — DECIDED SEPTEMBER 8, 1977 — REHEARING DENIED SEPTEMBER 27, 1977.

*Johnson & Fain, Don W. Johnson,* for appellant.
*Samuel J. Brantley, District Attorney, Charles A. Pannell, Jr., Patricia Craft, Arthur K. Bolton, Attorney General,* for appellee.