63512, 63517. SPENCE et al. v. THE STATE (two cases).

POPE, Judge.

Ricky Spence and Sam Spence appeal from their conviction of aggravated assault (Case No. 63512), alleging ineffective assistance of counsel and asserting general grounds. We join here their appeal of the trial court's denial of their motion for supersedeas bond (Case No. 63517). We affirm both the judgment and the bond denial.

1. Appellants contend that the trial court erred in denying their motion for new trial, asserting that they were denied their constitutional right to effective assistance of counsel. For the reasons set forth below, we find appellants' contentions to be without merit.

The well-established standard in Georgia for measuring the effectiveness of counsel is traceable to *Pitts v. Glass,* where the Supreme Court, quoting from and adopting the standard enunciated by the United States Court of Appeals for the Fifth Circuit, stated that effective counsel is "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." (Emphasis deleted.) *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974), quoting from MacKenna v. Ellis, 280 F2d 592, 599 (5th Cir. 1960). The standard applies equally to both appointed and retained counsel. Cuyler v. Sullivan, 446 U. S. 335, 344-45 (100 SC 1708, 64

LE2d 333) (1980).[1]

The parameters for appellate review of the effectiveness of counsel have been set by a long line of cases. Georgia appellate courts have traditionally been reluctant to second-guess decisions by counsel pertaining to trial strategy and tactics. See generally *Jones v. State,* 243 Ga. 820 (12) (256 SE2d 907) (1979), cert. den., 444 U. S. 957 (1979); *Hawes v. State,* 240 Ga. 327 (1) (240 SE2d 833) (1977); *Scott v. State,* 157 Ga. App. 608 (2) (278 SE2d 49) (1981); *Stripling v. State,* 155 Ga. App. 636 (2) (271 SE2d 888) (1980); *Harrell v. State,* 139 Ga. App. 556 (2) (228 SE2d 723) (1976). Decisions regarding what witnesses to call, juror selection, cross-examination and trial motions fall within the scope of strategic and tactical decisions. *Hawes v. State,* supra at 330; *Reid v. State,* 235 Ga. 378 (1) (219 SE2d 740) (1975). Deficiencies which may tend to show ineffectiveness generally evince inadequate preparation and include failure to present an available material witness, failure to consult sufficiently with the accused and inadequate investigation into the facts and the law. *Hawes v. State,* supra at 329. See also *Berryhill v. Ricketts,* 242 Ga. 447 (3) (249 SE2d 197) (1978), cert. den., 441 U. S. 967 (1979). The effectiveness of counsel cannot be fairly measured by the results of the trial, but upon the reasonable effectiveness of his services at the time they were rendered. *Pitts v. Glass,* supra at 639.

The alleged inadequacies identified here by appellants all fall within the scope of strategic and tactical decisions. Appellants' first assertion of evidence of trial counsel's ineffectiveness is his failure to file any motions in the case. While defense motions are customary, they are certainly not mandatory. Moreover, whereas the filing of motions is generally indicative of effective assistance (see, e.g. *Harrell v. State,* supra), the converse is not necessarily true. See *Adams v. State,* 236 Ga. 468, 471 (224 SE2d 32) (1976). This is not to say that this court would condone the failure to file a motion that a reasonable attorney, conducting adequate preparation for trial, would have deemed material to the defense. See generally The Unified Appeal, 246 Ga. A-1 et seq. (1980); 248 Ga. 906 et seq. (1982). Appellants, however, have failed to show that the decision not to file any motions was unreasonable in this case and that they suffered harm as a result. Our independent review of the record further

---

[1] Prior to Cuyler v. Sullivan, Georgia courts applied a lesser degree of scrutiny to the actions of retained counsel than the actions of appointed counsel. See *Allen v. Hooper,* 234 Ga. 642 (1) (217 SE2d 156) (1975); *Hudson v. State,* 156 Ga. App. 281 (2) (274 SE2d 675) (1980); *Harrell v. State,* 139 Ga. App. 556 (3) (228 SE2d 723) (1976). The United States Supreme Court, however, made it clear in Cuyler that the distinction was not viable under the Sixth Amendment guarantee.

satisfies us that appellants' contention is without merit.

Appellants next contend that the failure of trial counsel to use photographs provided to him by appellants, depicting their wounds, demonstrates counsel's ineffectiveness. Whether or not the photographs were probative was clearly a tactical decision best left to the determination of the trial attorney. *Jones v. State,* supra at 830. We cannot, and will not, substitute our judgment. *Pitts v. Glass,* supra.

As part of this contention, appellants assert that trial counsel not only did not use the photographs, but that the reason he did not was because he forgot to bring them to trial. The only support for this assertion is an affidavit by appellant Ricky Spence wherein he claims counsel told him he forgot the photographs. We give little weight to the self-serving and unsubstantiated allegation of the appellants, particularly in light of the hearsay nature of the statement. Appellants had ample opportunity to substantiate the claim at and in connection with the post-trial hearing. Bare allegations alone are an insufficient basis for disturbing a judgment, and we therefore find the contention to be without merit.

Appellants take issue with trial counsel's failure to object to the testimony of a state's witness, commenting on appellants' exercise of their right to remain silent. From review of the transcript, it is apparent that the state was not attempting to use appellants' silence against them in violation of due process as expressed in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). The comment was volunteered by the witness, not solicited by the prosecutor, and the prosecutor immediately moved on to another matter. Compare *Kitchens v. State,* 150 Ga. App. 707, 708 (258 SE2d 544) (1979). Appellants' counsel had a valid tactical reason for not objecting, that is, to avoid highlighting the comment, which by itself would have had a minimal effect on the jury. See *Kitchens v. State,* supra; *Smith v. State,* 140 Ga. App. 385 (3) (231 SE2d 83) (1976).

Appellants' fourth contention is that trial counsel should have objected to a police officer's testimony that a substance appeared to be blood. The contention is wholly without merit; the opinion was allowable. *Carter v. State,* 242 Ga. 695 (2) (251 SE2d 285) (1978); *Thomas v. State,* 67 Ga. 460 (4) (1881). Moreover, when the state attempted to develop the line of questioning, appellants' counsel did interpose an objection.

Appellants' fifth contention includes the allegation that counsel did not call a material witness. Appellants contend that the witness saw the fight and would have given a materially different account than that of a state's witness. They further contend that they told this to their trial counsel and that he neglected to even interview the

witness. In support of these contentions appellants offer their own affidavits and the affidavit of the witness. As we suggested earlier, the affidavits of appellants are inherently suspect and entitled to little weight. Under the circumstances here, we also give little weight to the affidavit of the witness. Appellants offered the affidavit of the witness as an exhibit to their amended motion for new trial. They did not present the witness at the motion hearing. Thus, the witness' statement was never tested by cross-examination. The statement was not corroborated by any evidence. In short, we find the proffered support for the contention too tenuous to be persuasive. Appellants' remaining allegations in their final enumerated contention are unsubstantiated and we find them to be without merit.

After review of the transcript and the record as a whole, we conclude that appellants' counsel was adequately prepared for trial and that he did provide effective assistance. Counsel selected jurors, made an opening statement, made appropriate objections, conducted thorough cross-examinations of the state's witnesses, revealing a number of inconsistencies; he presented seven character witnesses in addition to directing the testimony of appellants and he made a closing argument. While courtroom conduct by the advocate alone cannot render his representation effective (*Harrell v. State,* supra at 558), the quality of the courtroom conduct is indicative of both competency and preparation. In the final analysis, we find that appellants' trial counsel provided effective assistance under the *Pitts v. Glass* standard.

2. We hold that the general grounds asserted are without merit, that the case was fairly submitted to the jury and that the evidence was sufficient to enable any rational trier of fact to find the essential elements of the crime charged proven beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Appellants also appeal the denial of their motion for supersedeas bond. Contrary to appellants' assertion that the trial court's sole ground for denial of bond was that the appeal was frivolous and only taken for delay, the record reflects that the trial court was only satisfied that the first prong of the *Birge* four-prong test was met. *Birge v. State,* 238 Ga. 88, 90 (230 SE2d 895) (1976), cert. den., 436 U. S. 945 (1978). However, inasmuch as the *Birge* test is written in the conjunctive and that we agree with the trial court's determination of the fourth prong for the reasons presented, supra, it is unnecessary for us to address the remaining prongs. We hold that the trial court did not abuse its discretion in denying appellants' motion for appeal bond on the ground that the appeal was frivolous.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 6, 1982 —
REHEARING DENIED JULY 23, 1982.

*J. Roger Thompson,* for appellants.
*Joseph H. Briley, District Attorney, Alberto Martinez, Jr., Assistant District Attorney,* for appellee.