## 66493. CROY v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for escape from lawful confinement after having been convicted and sentenced to confinement. *Held:*

1. Defendant was apparently free on bond and was present when the trial started. After the jury was selected a short recess was had, after which defendant did not reappear for the trial. The trial court declared that defendant had voluntarily absented himself, directed that a plea of not guilty be entered and proceeded with the trial over defense counsel's objection that defendant was being denied his rights of confrontation. The record shows that defense counsel had waived arraignment and entered a plea of not guilty by a written communication to the district attorney several months before the trial.

The trial court did not err in proceeding to trial without defendant.

"The appellant was admitted to bail; he was present when his case was called for trial and pled not guilty; he was represented by counsel, and he and his counsel selected a jury; court was adjourned for the noon recess, and after recess, appellant did not reappear; the trial judge ordered the trial to proceed on the ground that the accused had voluntarily absented himself from his trial; appellant's counsel represented him throughout the trial even though the appellant was not present . . .

"Appellant argues that it was error to try him and sentence him in his absence. He claims that his confrontation rights, guaranteed by both the Georgia and Federal Constitutions were violated. Confrontation rights are personal to the accused and are waived when the accused is free on bail and voluntarily absents himself from the trial. [Cits.]" *Byrd v. Ricketts,* 233 Ga. 779, 780 (213 SE2d 610), cert. denied 422 U. S. 1011 (95 SC 2636, 45 LE2d 675).

2. The trial court did not err in refusing to grant a directed verdict of acquittal made on the grounds that there was no evidence defendant was in lawful confinement when he escaped.

The escape occurred on July 19, 1980. A conviction for shoplifting and sentence of 12 months confinement on May 7, 1980 was received in evidence. The jailer testified that defendant was in jail for shoplifting and left without permission.

As we find this evidence sufficient to authorize the jury to find defendant guilty beyond a reasonable doubt, "it could hardly be found to demand a verdict of acquittal." *Milner v. State,* 159 Ga. App. 887 (1), 888 (285 SE2d 602).

3. The remaining enumeration has no merit.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 7, 1983 —
REHEARING DENIED SEPTEMBER 30, 1983 —

*Floyd H. Farless,* for appellant.

*F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney,* for appellee.