## 41155. FLUELLEN v. THE STATE.
(319 SE2d 451)

SMITH, Justice.

Following a trial before a Fulton County jury, appellant was con-

victed of murder for the September 4, 1983 shooting death of Marilyn Ector and was sentenced to life imprisonment.[1] On appeal, he raises the general grounds. We affirm.

On the evening of September 3, 1983, the victim and two of her sisters, Terry Ector and Debbie Zachary, went to a football game at Cheney Stadium. Following the game they went to the Sans Souci lounge. When it closed at 3:00 a.m., they caught a ride back to their father's apartment where appellant, who had lived with Terry Ector for three or four years, was waiting for them. Appellant accused Terry of seeing another man, they argued, and Terry testified that he hit her.

The next morning, appellant and Terry began arguing again. At this time she told him that she was no longer his woman. She testified that appellant said he would kill her if he caught her with Mike, her new boyfriend. Debbie and Terry testified that later in the morning, appellant told Terry, who was 18, that she would die before she reached 21.

The victim, Marilyn, then stepped in and told the appellant to leave Terry alone because she had another boyfriend. Both parties agree that appellant told Marilyn that he would kill her. Appellant says that he did so because Marilyn threatened him with a knife. He testified that Marilyn had previously cut her husband and her father's roommate. Appellant also testified that Terry told him that her new boyfriend, Mike Scott, would shoot him if he hit her.

Terry and Marilyn left the apartment, followed shortly by appellant. Appellant returned within thirty to forty-five minutes. The victim's father, William Ector, Jr., testified that appellant told him, upon his return, that he was "gonna get that bitch (Terry)."

He then showed Mr. Ector a bag under his shirt. Debbie Zachary also testified that appellant showed her a bag under his shirt. Appellant had, in fact, taken Mr. Ector's .22 caliber gun.

Later, Maxine Ector's boyfriend, John, took appellant up to the corner where Terry and Marilyn were supposed to be. Appellant saw Delores Jordan there. She testified that he told her he wanted to shoot Terry and Mike.

Upon leaving their father's apartment, Terry and Marilyn went to the beer store, then to a friend's house where they stayed for a couple of hours. Finally, they left the house and walked down Little Street where appellant was waiting.

---

[1] The crime was committed on April 15, 1983. The jury reached its verdict of guilty and the court entered judgment on December 6, 1983. A motion for a new trial was filed on December 30, 1983. The transcript of evidence was filed on March 1, 1984. The order overruling the motion for a new trial was filed on March 30, 1984. The notice of appeal was filed on April 23, 1984. The record was docketed in this court on May 9, 1984.

Appellant grabbed or hit Terry, and she ran away. He testified that she ran behind a car where they argued. She testified that she ran to a friend's house to call the police.

Appellant and Terry testified that Marilyn told the appellant not to hit Terry, then broke off a quart beer bottle. Two witnesses testified that they did not see a bottle. Appellant and Marilyn then approached each other. He fired one shot, which hit her in the chest. He walked away. The next day, when appellant found out that Marilyn had died, he turned himself in.

Dr. Saleh Zaki testified that Marilyn Ector was killed by a .22 caliber bullet which penetrated her upper left chest. Detective Carl Price testified that he found the broken beer bottle in a vacant lot near the crime scene.

Appellant contends that the trial court erred in denying his motion for a new trial, which was based upon insufficient evidence of guilt. In *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984), we determined that the standard to be applied in such a challenge is the standard announced in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. Therefore the denial of the motion for a new trial is upheld. *Humphrey v. State*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 6, 1984.

*Susan E. Teaster*, for appellant.
*Lewis R. Slaton, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis*, for appellee.