### 69658. POLLARD v. THE STATE.
(333 SE2d 152)

Benham, Judge.

This is an appeal from a conviction for aggravated assault wherein appellant enumerates as error a violation of his Sixth Amendment right to confrontation, in that the jury trial was conducted in his absence. In this same vein he claims that he never was arraigned and that neither he nor his attorney expressly waived arraignment. Since the peculiar factual posture of appellant's enumeration concerning trial in his absence represents a question of first impression before this court, a brief recitation of the facts is necessary.

More than one week before trial, appellant's counsel was informed that appellant's case would be the first one tried on the trial calendar. On the date of trial, appellant's counsel informed appellant that he was about to go on trial and that he would be needed in the courtroom for his trial. Appellant, who was free on bond, was present in the courtroom on the morning his trial was to begin; his witnesses were also present and he conversed with them. At no time did appellant appear to be physically or mentally incapacitated. After a final plea offer was conveyed to him by his attorney, he disappeared. When the jury selection was about to begin, appellant was nowhere to be found, although the courthouse was thoroughly searched both before the voir dire began and later in the course of the trial.

In *Taylor v. United States*, 414 U. S. 17, 20 (94 SC 194, 38 LE2d 174) (1973), the U. S. Supreme Court stated that "[t]he right at issue is the right to be present, and the question becomes whether that right was effectively waived by [appellant's] voluntary absence." In *Byrd v. Ricketts*, 233 Ga. 779, 780 (213 SE2d 610) (1975), our Supreme Court stated that "[c]onfrontation rights are personal to the accused and are waived when the accused is free on bail and voluntarily absents himself from the trial." *Taylor, Byrd*, and the many cases that followed (e.g., *State v. Phillips*, 247 Ga. 246 (275 SE2d 323) (1981); *Croy v. State*, 168 Ga. App. 241 (308 SE2d 568) (1983)), dealt with a defendant who voluntarily absented himself after the trial had begun.

We are faced with a difficult situation here, for we must deter-

mine at what point a defendant's voluntary absence amounts to a waiver of the right to confrontation. Unquestionably, the defendant's conduct in absconding was reprehensible and showed a complete disrespect for the court and the administration of justice. However, we cannot let this conduct give rise to a judicial venting of emotions. Disrespectful defendants are nothing new to those who administer justice daily. Therefore, we must develop a hard and fast rule for dealing with such situations.

Prior to trial, a defendant's failure to appear is handled with bench warrants and bond forfeitures. OCGA §§ 17-6-13; 17-6-70. During trial, a voluntary absence is treated as a waiver of the right of confrontation. *Taylor*, supra. Therefore, we must determine at what point the trial begins and the waiver principles apply. The issue is best addressed by determining when jeopardy attaches. This court, in *Turner v. State*, 152 Ga. App. 354, 355 (262 SE2d 618) (1979), quoting from *Shaw v. State*, 239 Ga. 690, 692 (238 SE2d 434) (1977), has determined that "[a] defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled and a jury has been impaneled and sworn." When a defendant is tried without a jury, jeopardy attaches when the court receives the first evidence. *White v. State*, 143 Ga. App. 315 (2) (238 SE2d 247) (1977).

We here adopt the rule that for Sixth Amendment waiver purposes, trial begins when jeopardy attaches, and thereafter a defendant can waive his constitutional right of confrontation by voluntarily absenting himself from the proceedings. The record in the present case clearly shows that the jury had not been impaneled and sworn before defendant's disappearance, so jeopardy had not attached and the trial had not begun. In the absence of jeopardy attaching, the waiver principles are inapplicable, and we must conclude that appellant is entitled to a new trial since his Sixth Amendment right to confrontation was violated by trial proceeding in his absence.

Since the ruling above is dispositive of the issue and a new trial is granted, there is no need to address the arraignment issue.

*Judgment reversed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 28, 1985.

*Earl A. Davidson*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jerry W. Baxter, Assistant District Attorneys*, for appellee.