## 71727. JONES v. THE STATE.
(339 SE2d 786)

BANKE, Chief Judge.

James Franklin Jones appeals his convictions of kidnapping and aggravated assault with intent to rob.

The appellant and the victim had known each other for about 10 years prior to the events which gave rise to this prosecution. The vic-

tim testified that the appellant entered her apartment on the evening in question wearing a ski mask, pointed a pistol at her head, forced her to lie on the floor, tied her hands behind her, and demanded money. The victim stated that the appellant was accompanied by his wife at the time and that she (the victim) was able to recognize the appellant's voice. Upon being told by the victim that she had no money, the appellant demanded that she accompany him to a nearby liquor store to cash a check, threatening to harm her 7-year-old son if she refused to cooperate. The victim, her son, the appellant, and his wife then exited the apartment through a rear door, at which point the victim called out appellant's name. The appellant grabbed the child, ran with him a short distance, released him, and fled. His wife also fled, running in the same direction.

According to the victim, the appellant removed his mask outside the apartment, thus enabling her to see his face. Her son testified that he recognized the appellant's wife but not the appellant. A mutual acquaintance of the appellant and the victim testified that he observed the appellant running away from the rear of the victim's apartment on the evening in question. The appellant denied any involvement in the offenses and presented an alibi defense, supported by the testimony of five witnesses, most of whom were relatives. *Held*:

1. Appellant contends that the evidence is insufficient to support the verdict. Viewed in the light most favorable to the prosecution, we find that the evidence presented at trial was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of both aggravated assault and kidnapping. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Fluellen v. State*, 253 Ga. 285 (319 SE2d 451) (1984).

2. Appellant contends that the trial court erred in charging the jury that certain testimony elicited from a police officer as to what another person had told him had been admitted only to explain the officer's conduct, and not for the truth of the statement. Prior to closing arguments, the trial court had informed counsel that this charge, which had been requested by counsel for the appellant, would not be given; and the appellant contends that he was thereby misled.

Where a defendant has been misled as to an intended charge, the proper remedy is a request to reargue the facts in the light of the charge given. See *Fair v. State*, 172 Ga. App. 49 (1) (321 SE2d 790) (1984). As the appellant did not request such a remedy, and as no prejudice has been shown to have resulted from the giving of the charge, we find this enumeration of error to be without merit.

3. At trial, the state's attorney offered into evidence an uncertified copy of appellant's arrest warrant, representing that a certified copy would be provided later. The trial court admitted the exhibit "with the understanding that a certified copy will be offered in its

stead," but no certified copy was ever provided.

Appellant contends on appeal that the state's failure "timely to perfect the record" constituted reversible error. However, it has not been suggested how this failure might have harmed the appellant, nor has it been shown that the copy of the arrest warrant admitted into evidence was not in fact a true and correct copy of the original. Under the circumstances, we find it highly probable that the admission of the copy did not contribute to the verdict. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

4. In a separate, *pro se* brief, appellant contends that he was denied his right to effective assistance of counsel prior to, during, and after the trial. This issue was raised in and considered by the trial court prior to the denial of appellant's motion for a new trial.

Prior to trial, a motion in limine and several discovery motions were filed on behalf of the appellant, all of which apparently were granted. Appellant's counsel conducted a thorough voir dire of the jury; exercised all 20 of his peremptory challenges; conducted a thorough cross-examination of the principal witnesses for the state; introduced evidence of a prior criminal conviction to impeach a state's witness; presented five alibi witnesses; and submitted five requests to charge on the appellant's behalf. Appellant's counsel has also filed an enumeration of errors and brief on appeal, raising the issues addressed in the first three divisions of this opinion.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U. S. 668, 686 (__ SC __, __ LE2d __) (1984). There are two components of a claim of ineffective assistance: (1) deficient performance and (2) prejudice resulting from such deficient performance. Id. In the present case, appellant has failed to establish that his counsel's performance was deficient. Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 22, 1986 —

*J. Robert Joiner*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Richard E. Hicks, Paul L. Howard, Jr.*, Assistant District Attorneys, for appellee.