73118. MANUS et al. v. THE STATE.
(350 SE2d 41)

DEEN, Presiding Judge.

On October 5, 1985, appellant Verna Manus was driving an automobile in which her husband, appellant Marvin Manus, and her daughter, Lisa, were passengers, when Deputy Sheriff Duncan pulled appellants to the side of the road. Duncan stopped appellants so that he could talk to Marvin Manus about a report that Mr. Manus had received a stolen power saw. Duncan did not have a warrant for arrest; nor was the stop justified by any traffic or motor vehicle violation. At trial, there was dramatically conflicting testimony as to what occurred after the stop. Officer Duncan testified that he questioned Marvin Manus concerning the stolen saw and then received a blow to his back by Mr. Manus while Verna Manus pulled on his right arm. Marvin Manus testified that Duncan stated that he was arresting appellant for receiving stolen property, grabbed appellant and twisted his arm, threw him against the car and then onto the pavement. Duncan then proceeded to forcefully put Verna Manus in the car and in the process, knocked Lisa down, breaking her glasses.

At trial, the jury found Marvin Manus guilty of simple battery and Verna Manus guilty of obstructing an officer. Appellants filed a Motion and an Amended Motion for a New Trial, which were denied by the trial court. In their appeal from the convictions and sentences and from the denial of their Amended Motion for New Trial, appellants assert four enumerations of error.

1. Verna Manus contends that she was denied her right to confront a witness against her. The transcript shows that she left the courtroom after her daughter testified and the defense rested. The state called a rebuttal witness and counsel waived her presence. We find that she cannot now complain for the first time on appeal that she was denied her right to confront a witness. A defendant waives his right of confrontation if he voluntarily absents himself from trial after jeopardy attaches, which occurs immediately once the jury is selected and sworn. *Pollard v. State*, 175 Ga. App. 269 (333 SE2d 152) (1985). See also *Byrd v. Ricketts*, 233 Ga. 779 (213 SE2d 610) (1975), and *Croy v. State*, 168 Ga. App. 241 (308 SE2d 568) (1983), for the rule that a defendant who is out on bail and voluntarily absents himself from trial waives his right of confrontation.

2. Appellants were not denied effective assistance of counsel as they contend. An examination of the transcript of the motion for new trial shows that trial counsel testified that he was employed by Mrs. Manus approximately one week before trial, that he talked to her husband once, but he worked out of town and would not come in to see him. He talked to Mrs. Manus several times and she told him that she had talked to a witness, but he claimed that he didn't see anything. He did not interview the Manuses' twelve-year-old daughter prior to trial because he was undecided about calling her as a witness. Her mother had told him what the child's testimony would be and he would not now change any of the questions that he asked her when he did decide to use her as a witness. He decided not to use any character witnesses after he learned that Mr. Manus had a prior felony conviction. In selecting the jurors, counsel consulted with the accused, he made an opening statement, cross-examined the state's witnesses, made a closing argument, and based his defense on appellants' contention that Officer Duncan instigated this incident. As for failure to conduct pre-trial discovery, there was nothing to discover; there were no in-custody statements, no documentary evidence, no scientific evidence, and no physical evidence that might be suppressed. He received a copy of the accusation and a list of the state's witnesses. It was probably the inconsistency of the defendants' statements that led the jury to believe the state's witnesses. Under *Strickland v. Washington*, 466 U. S. 668, 686 (104 SC 2052, 80 LE2d 674) (1984), there are two components to the claim of ineffective assistance of counsel: deficient performance and prejudice resulting from such deficient per-

formance. *Jones v. State*, 177 Ga. App. 531 (339 SE2d 786) (1986). We find neither exists in the instant case.

3. Appellants cannot now complain about the trial court's charge on impeachment of witnesses. Counsel responded that he did not have any exceptions to the trial court's charge after the court asked if he had any objections. *White v. State*, 243 Ga. 250, 251 (253 SE2d 694) (1979); *Henry v. State*, 176 Ga. App. 462, 464 (336 SE2d 588) (1985).

4. The evidence adduced at trial, when viewed in a light favorable to the prosecution, was sufficient for a rational trier of fact to find the defendants guilty beyond a reasonable doubt. *Crawford v. State*, 245 Ga. 89 (263 SE2d 131) (1980).

*Judgment affirmed. Benham and Beasley, JJ., concur. Beasley, J., also concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in what is said in the opinion, but I do not believe Division 2 goes far enough in addressing the issues.

As to ineffective assistance of counsel, appellant raised both federal and state constitutional grounds both in the motion for new trial and on appeal. We have treated only the federal claim, measuring it against the yardstick articulated by the United States Supreme Court in its construction solely of the United States Constitution.

As appellant points out, the Georgia Constitution of 1983, Art. I, Sec. I, Par. XIV provides: "Every person charged with an offense against the laws of this state shall have the privilege and benefit of counsel."

Long before *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), the Supreme Court of Georgia expressed its present-age understanding of "effective assistance of counsel" in *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515) (1974). It is not clear in that case whether it was addressing a federal claim or a state constitutional claim or both. At any rate, it held that "the effectiveness of counsel cannot be fairly measured by the results of a criminal trial or appeal, but upon the reasonable effectiveness of counsel at the time the services were rendered."

*Pitts* was applied in *Jones v. State*, 243 Ga. 820, 830 (12) (256 SE2d 907) (1979), again without designating which constitution had been invoked and was being applied. There the Court expressly adopted the federal circuit wording that the right to counsel meant "counsel reasonably likely to render and *rendering* reasonably effective assistance," emphasizing that it is to be judged as of the time given and not with the benefit of hindsight. The Court explained what in particular this meant by quoting from *Estes v. Perkins*, 225 Ga. 268 (167 SE2d 588) (1969).

We noted in *Davenport v. State*, 172 Ga. App. 848, 851 fn. 1 (325 SE2d 173) (1984), a case involving only the federal constitutional claim, that it appeared that Georgia had adopted as its own standard the one stated in the *Pitts* case. That at least appeared to be the understanding of this court as exemplified by *Spence v. State*, 163 Ga. App. 198 (1) (292 SE2d 908) (1982). Although the court in *Spence* did not reveal whether it was dealing with a federal or state claim, it started its discussion with "[t]he well-established standard in Georgia," which it stated was found in *Pitts*. It may be that the Georgia appellate courts simply considered the standard to be the same under both constitutions. But that is not manifest. In speaking of the "standard in Georgia," it implies that what is meant is the *state* constitutional standard because the federal standard in Georgia could not be different from that of any other state and would be governed by the U. S. Supreme Court's construction. On the other hand, the opinions do not show the raising of a state constitutional claim.

Shortly after *Davenport*, the Georgia Supreme Court decided *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362) (1985) and dealt with the claim that Smith had been denied effective assistance of counsel. The Court applied the *Strickland* two-stage test without saying which constitution was at issue, but stated that in *Strickland* the U. S. Supreme Court "noted that all federal courts of appeal and most state courts have adopted the 'reasonably effective assistance' standard, as Georgia has," and the Georgia Supreme Court footnoted *Pitts*. So by implication it indicated that the Court would view the demands of the Georgia Constitution to be the same in this regard. That idea is augmented by *Brogdon v. State*, 255 Ga. 64, 67 (3) (335 SE2d 383) (1985), where the Georgia Supreme Court, without designating which constitution was invoked, simply stated: "We follow *Strickland* . . . , in determining whether there has been actual ineffective assistance of counsel."

Thus it appears that Georgia has *sub silentio* actually adopted the *Strickland* test as its own, for purposes of the state constitution's construction. I say this because it seems to equate the first stage of the *Strickland* test with what Georgia courts had theretofore understood effective counsel to mean, and to add the second "prejudice" stage. See a further discussion of this in *Brown v. State*, 179 Ga. App. 538, 540 (346 SE2d 908) (1986), concurring opinion.

If we do not come to the conclusion that the Georgia Supreme Court has construed the state constitution to embrace the same test for measuring "the privilege and benefit of counsel" as the two-stage test set out in *Strickland,* then we cannot apply it in a state constitutional law case but must transfer it to the Georgia Supreme Court. For only that Court has the jurisdiction to *construe* the state constitution. Ga. Const. 1983, Art. VI, Sec. VI, Par. II (1).

Since it seems to me it *has* so construed it, albeit not clearly and plainly, I would apply that construction to the state constitutional claim made here by appellant under paragraph 14 of the Georgia Bill of Rights. In so doing, I independently reach the same conclusion, that his state constitutional right to "the privilege and benefit of counsel" was not denied by way of the four particulars he urges were not only defective performance but also prejudicial: permitting the trial to proceed in the absence of Verna Manus, failing to request a more complete charge on impeachment, calling the daughter Lisa as a witness without first interviewing her, and failing to interview the state's rebuttal witnesses.

DECIDED OCTOBER 23, 1986.

*Eric G. Kocher*, for appellants.
*Michael H. Crawford, District Attorney, Leonard M. Geldon, Assistant District Attorney*, for appellee.