## 74723. SMITH v. THE STATE.
### (362 SE2d 384)

BIRDSONG, Chief Judge.

Michael Marceya Smith a/k/a Van Moody a/k/a Michael Scott was tried by jury for armed robbery of a UPS truck and driver, and found guilty. Smith was not present during his trial because he escaped custody of his guard in the courthouse, after the jury had been impaneled but before evidence was taken. Several jurors saw the escape but several did not. Over objection and motion for mistrial, the trial court allowed the guarding deputy to testify that appellant had escaped.

The appellant urges the overturning of the armed robbery verdict because of the prejudicial effect of proceeding with trial after the escape, because of the jury's knowledge of the escape, and because of the admission of the deputy's testimony as to the escape, all of which he contends deprived him of his constitutional rights on every ground. *Held*:

The evidence showed two men abducted the UPS driver in downtown Atlanta using a gun and threatening bodily harm; and that the driver observed them for several minutes while they threatened to shoot him. When he was let go and was told to run or he would be shot, he did run, but looked back to see one of the robbers moving as if to get in a parked black Chevrolet Malibu with its emergency lights blinking. When the robber saw the victim looking, he got back in the truck and the two robbers drove north on Piedmont Avenue. The victim truck driver called the police; he told them about the truck heist and about the parked Malibu that one of the robbers had appeared to be going towards. The truck was soon found abandoned; the black Malibu was found parked where the victim said it was, 30 or 40 feet from the exit ramp of the parking garage where the UPS truck and driver had been overtaken. A patrolman parked his car across the street from where the black Malibu was still illegally parked with its lights still flashing. Finally, about three hours after the robbery, a man who fit a description given by the UPS driver, walked towards the Malibu and got in it. The patrolman gave chase along with two other policemen in another car. The chase led onto Interstate 75/85 and then to Interstate 20. Finally, the man exited at Lee Street, abandoned the Malibu, ran through a building (being chased by a security guard) and then ran through a construction site where he was seen jumping into a dumpster.

The pursuers surrounded the dumpster and thus the appellant was captured. He was removed to the police station, robbery division, and was searched for weapons. A key was found in his pocket. This key had numbers on it and was identified by the UPS driver as the key to the back door of his UPS van which the robber had taken from the driver's key ring. Also, the victim was shown a photographic lineup and unhesitatingly selected appellant's photo as being that of one of the robbers.

This evidence is such that a reasonable trier of fact could rationally have found proof of appellant's guilt of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The evidence directly connecting the appellant with the armed robbery of the UPS truck and driver is, we think, overwhelming, even in the face of the appellant's voluntary absence from his trial and the consequent inability of the victim to physically identify him at the trial.

The admission of the evidence of escape and the fact that some jurors observed the escape do not justify overturning this conviction. The testimony of the guard explained appellant's absence. The evidence had probative value for jury consideration. In *Carver v. State*, 137 Ga. App. 240 (1) (223 SE2d 275), we upheld a conviction over similar objections, because flight, even an escape from jail after the

offense, is a circumstance which may be weighed by the jury in connection with other circumstances to determine the guilt of the accused. See also *Durham v. State*, 179 Ga. App. 636 (1) (347 SE2d 293), where we held an escape while defendant was attending a bond hearing three months after arrest, was not too remote in time to have probative value concerning the charge for which he was tried. As to the probativeness of the evidence, the entire question is for the jury, for "[w]hether the acts of the defendant constitute flight, and were due to a consciousness of guilt, or whether such acts have an innocent explanation, is a question for the jury." *Butler v. State*, 172 Ga. App. 405, 407 (4) (323 SE2d 628). The fact that this was an escape from the courthouse during trial does not remove this conduct from the rule just stated, because the question to be decided is whether flight "or similar acts" were due to a sense of guilt or for other purposes. See *Fredericks v. State*, 172 Ga. App. 379 (323 SE2d 265); and see *Bogan v. State*, 177 Ga. App. 614, 618 (3) (340 SE2d 256).

As for appellant's having voluntarily absented himself from his trial, he should not be allowed to profit from this action by winning a reversal of the conviction because he was not there. "Confrontation rights are personal to the accused and are waived when the accused . . . voluntarily absents himself from the trial." *Byrd v. Ricketts*, 233 Ga. 779, 780 (213 SE2d 610), cert. den. 442 U. S. 1011 (95 SC 2636, 45 LE2d 675); *Croy v. State*, 168 Ga. App. 241 (308 SE2d 568).

Therefore, neither the conduct of the trial in the face of appellant's voluntary absence from his trial, nor the admission of testimony as to his flight "or similar act" was error by itself; and the two do not combine to create error. We conclude, in any case, that if any error attached to the conduct of the trial on these grounds, it is highly probable that any such error did not contribute to the conviction for armed robbery, and any such error was harmless beyond a reasonable doubt. *Kirkland v. State*, 141 Ga. App. 664 (234 SE2d 133). The appellant was caught red-handed by returning to retrieve the apparent get-away car, after a flight and a fierce interstate chase, with the key to the UPS truck in his pocket; and his photo was immediately identified by the victim. The evidence is overwhelming that he committed the armed robbery and, in these circumstances, it would indeed be a perversion of justice to reverse his conviction because he escaped during trial in such circumstances that the jury became aware of it. *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515).

Appellant's objection that the sentence of 20 years, not to be served concurrently with any other, is indeterminate, is without authority, without argument, and without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 17, 1987 —
REHEARING DENIED NOVEMBER 4, 1987 —

Frank B. Hester, for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Doris L. Downs, Assistant District Attorneys, for appellee.