## A89A1199. LOPER v. THE STATE.
(382 SE2d 212)

DEEN, Presiding Judge.

Appellant Loper was arrested on charges of possession of marijuana with intent to distribute. Shortly before arraignment he dismissed one attorney and hired another; the latter entered a plea of "not guilty," and a trial for Loper and a co-defendant was set for approximately one month later. Because Loper was allegedly uncooperative, the second attorney subsequently requested that he be allowed to withdraw; the request was denied, but three days before trial Loper and his co-defendant dismissed this attorney, also. The trial court refused to postpone the trial and informed Loper that he must decide whether to be defended by the more recently discharged attorney or to proceed *pro se*. Loper stepped into the hall ostensibly to consider these options, but loped away and was rearrested several months later.

Meanwhile, the trial court ordered the second attorney to defend both Loper *in absentia*, and the co-defendant, who had not joined Loper in flight. Counsel requested a continuance, which was denied. A jury was then impaneled, and the trial of both defendants began. During a break early in the trial, a misdemeanor plea was negotiated for the co-defendant. After counsel had waived opening argument and presented no evidence in Loper's behalf, Loper was convicted and sentenced to five years' incarceration. After being apprehended he unsuccessfully filed an extraordinary motion for new trial. On appeal he enumerates as error ineffective assistance of counsel and violation of his Sixth Amendment rights by the trial court in trying him *in absentia. Held*:

1. The State contends that by voluntarily absenting himself from the courtroom at the time the trial was scheduled and returning only under compulsion of arrest some months later, Loper waived his Sixth Amendment right to be present and face his accusers. See, e.g., *State v. Phillips*, 247 Ga. 246 (275 SE2d 323) (1981); *Croy v. State*, 168 Ga. App. 241 (308 SE2d 568) (1983). In *Phillips* and *Croy*, supra, however, as well as in all but one of the other cases cited by the State in support of its contention, the jury had already been impaneled when the defendant left the scene, whereas in the instant case it had not. Georgia's Supreme Court has held that jeopardy attaches when, in a jury trial, the defendant "has been arraigned, has pled and a jury has been impaneled and sworn." *Shaw v. State*, 239 Ga. 690, 692 (238 SE2d 434) (1977).

In *Pollard v. State*, 175 Ga. App. 269 (333 SE2d 152) (1985), this court reviewed a fact situation similar in all significant respects to that in the case at bar; i.e., the defendant appeared at the courtroom before the hour the trial was scheduled to begin, he spoke with his

attorney concerning the possibility of accepting a guilty plea offer, and then he disappeared. A jury was thereupon selected and impaneled and the trial begun, with the result that defendant was found guilty. The issue on appeal in that case, as in the one *sub judice*, was whether defendant/appellant had waived his Sixth Amendment right to be present. This court noted *Shaw* and other cases cited supra, and then held, at 270: "We here adopt the rule that for Sixth Amendment waiver purposes, trial begins when jeopardy attaches, and thereafter a defendant can waive his constitutional right of confrontation by voluntarily absenting himself from the proceedings. . . . In the absence of jeopardy attaching, the waiver principles are inapplicable, and we must conclude that appellant is entitled to a new trial since his Sixth Amendment right to confrontation was violated by trial proceeding in his absence." Under the *Shaw* and *Pollard* rules, jeopardy had not attached when appellant Loper voluntarily absented himself from the scene of the proceedings; hence no waiver occurred. He is therefore entitled to a new trial, and the case must be remanded for proceedings consistent with this holding.

The State also asserts that the fact that appellant admitted that he had planned to lie to the trial court in order to have his case continued somehow takes the instant case out from under the *Pollard* rule. We fail to see any such significance. *Smith v. State*, 184 Ga. App. 739 (362 SE2d 384) (1987), on which the State relies, involves a situation where, under *Shaw*, supra, jeopardy had attached, and therefore does not support the State's position. *Fictum v. State*, 188 Ga. App. 348 (373 SE2d 54) (1989), also cited by the State, is readily distinguishable on its facts.

2. Having found that a new trial is required, and noting that appellant's second enumeration is of the sort that would not likely recur in a new trial, we do not address that enumeration.

*Judgment reversed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 9, 1989.

*C. Jackson Burch*, for appellant.
*Spencer Lawton, Jr., District Attorney, Lars T. Granade, Assistant District Attorney*, for appellee.