## A92A1915. CAUSEY v. THE STATE.
(430 SE2d 594)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of possession of cocaine. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. Pursuant to OCGA § 17-7-211, appellant filed a pre-trial request for a copy of the written scientific reports which the State would seek to introduce. Contrary to appellant's contentions, the record demonstrates the State's complete and timely compliance with the requirements of OCGA § 17-7-211. See *Williams v. State*, 201 Ga. App. 384, 386 (3) (411 SE2d 316) (1991).

2. It obviously was not error to fail to quash a count of the indictment when no motion to quash that count had ever been filed.

3. The denial of appellant's motion to suppress is enumerated as error. The record shows that appellant was arrested pursuant to a warrant issued by the parole board. See OCGA § 42-9-48 (a). Contrary to appellant's contentions, this warrant was not invalid on the ground that he was no longer a parolee who was subject to the authority of the parole board. Although appellant's ten-year sentence for violating state criminal laws had been imposed in 1979, that sentence ran consecutively to the sentence he was serving for violation of federal criminal laws. *Taylor v. Green*, 229 Ga. 164 (190 SE2d 66) (1972). Accordingly, appellant's ten-year state sentence did not begin to run until 1985, when he was released by the federal authorities. It follows that appellant was subject to arrest under the warrant issued by the parole board and that the search of his person pursuant to his arrest under that warrant was authorized. " 'Once a defendant has been placed under custodial arrest, police may search his person, incident to that arrest, for weapons or contraband.' [Cit.] The trial [court] correctly denied the appellant's motion to suppress." *Paxton v. State*, 160 Ga. App. 19, 20 (1) (285 SE2d 741) (1981).

4. In his motion for new trial, appellant raised the issue of the effectiveness of his trial counsel. After conducting a hearing, the trial court found no merit in this contention. We find no error in the trial court's ruling in this regard. See *Whitner v. State*, 202 Ga. App. 608 (415 SE2d 52) (1992).

5. Appellant having fled after jeopardy had attached, the trial court did not err in failing to declare a mistrial and in allowing the trial to continue in appellant's absence. *Croy v. State*, 168 Ga. App. 241 (1) (308 SE2d 568) (1983). Compare *Pollard v. State*, 175 Ga. App. 269 (333 SE2d 152) (1985).

6. Appellant's remaining enumerations of error have been considered and found to be without merit.

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 29, 1993 —
RECONSIDERATION DENIED APRIL 2, 1993.

Burl E. Causey, Sr., *pro se.*
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Fred R. Simpson, Assistant District Attorneys*, for appellee.