## A02A1078. STACEY v. THE STATE.
### (562 SE2d 806)

ELDRIDGE, Judge.

In 1997, then 18-year-old Rodney Lee Stacey was indicted in Newton County for burglary. He entered a plea of not guilty, and the case went to trial in superior court. Stacey was represented by counsel, and he and his attorney conducted voir dire. When the trial court adjourned the proceedings for the evening, a jury had been selected but not sworn. The record shows that "Mr. Stacey was sitting in court when [the judge] personally advised him, Mr. Kelly [defense counsel], and all persons involved to be back the next morning to commence the trial."

Stacey did not return the next morning. Under the authority of *Byrd v. Ricketts*,[1] however, the court ordered the trial to proceed on

---

[1] 233 Ga. 779, 780 (213 SE2d 610) (1975) ("the voluntary absence of the accused waives his right to be present when sentence is imposed").

the ground that the accused had voluntarily absented himself from his trial. A bench warrant was issued, and the jury was then sworn. Defense counsel represented Stacey throughout the trial, and the jury returned a guilty verdict. The trial court then imposed sentence. Several days later, Stacey was apprehended in Newton County. Apparently, "Listening to [the advice] of some of his friends is the reason he didn't show up." *Held*:

1. Stacey contends that, by conducting the trial in his absence, the trial court violated his Sixth Amendment right to confront the witnesses against him. The State properly concedes this issue.

> Unquestionably, the defendant's conduct in absconding was reprehensible and showed a complete disrespect for the court and the administration of justice. However, . . . [d]isrespectful defendants are nothing new to those who administer justice daily. Therefore, we must develop a hard and fast rule for dealing with such situations. Prior to trial, a defendant's failure to appear is handled with bench warrants and bond forfeitures. During trial, a voluntary absence is treated as a waiver of the right of confrontation. Therefore, we must determine at what point the trial begins and the waiver principles apply. The issue is best addressed by determining when jeopardy attaches. . . . A defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled and a jury has been impaneled *and sworn.* . . . We here adopt the rule that for Sixth Amendment waiver purposes, trial begins when jeopardy attaches, and thereafter a defendant can waive his constitutional right of confrontation by voluntarily absenting himself from the proceedings. The record in the present case clearly shows that the jury had not been impaneled *and sworn* before defendant's disappearance, so jeopardy had not attached and the trial had not begun. In the absence of jeopardy attaching, the waiver principles are inapplicable, and we must conclude that appellant is entitled to a new trial since his Sixth Amendment right to confrontation was violated by trial proceeding in his absence.[2]

---

[2] (Citations and punctuation omitted; emphasis supplied.) *Pollard v. State*, 175 Ga. App. 269, 270 (333 SE2d 152) (1985); accord *Riley v. State*, 252 Ga. App. 781 (1) (556 SE2d 917) (2001); *Deal v. State*, 213 Ga. App. 131 (443 SE2d 713) (1994); *Loper v. State*, 191 Ga. App. 515 (1) (382 SE2d 212) (1989).

2. Stacey's remaining claims of error are either without merit or premised upon factual situations unlikely to occur upon retrial with Stacey present.

*Judgment reversed and case remanded. Smith, P. J., and Ellington, J., concur.*

DECIDED MARCH 26, 2002.

*John T. Strauss*, for appellant.
*W. Kendall Wynne, Jr., District Attorney*, for appellee.