COURT OF APPEALS OF VIRGINIA


Present:    Judges Bumgardner, Kelsey and Senior Judge Hodges


ROBERT C. TINDALL

MEMORANDUM OPINION[*]
v.        Record No. 0666-04-1                                    PER CURIAM
                                                                  JULY 27, 2004
LYNNE L. TINDALL


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Joseph Canada, Jr., Judge

(Debra C. Albiston; Kaufman & Canoles, P.C., on briefs), for
appellant.

(Glenn R. Croshaw; Robert L. "Bo" Foley; Willcox & Savage, P.C.,
on brief), for appellee.


On appeal, Robert C. Tindall (husband) contends the trial court erred in (1) finding that there

has been no material change of circumstances in the income and expenses of Lynne L. Tindall

(wife) since 1992, and (2) denying his motion to reduce spousal support. Specifically, husband

argues that there has been a material change in the financial needs of wife because she now has two

sources of income that she did not have in 1992. Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the

decision of the trial court. See Rule 5A:27.

BACKGROUND

On appeal, we view the evidence in the light most favorable to the party prevailing

below, affording to the evidence all inferences reasonably deducible therefrom. See McGuire v.

McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties were divorced by a final decree entered on July 8, 1993. Pursuant to the decree, husband was to pay wife $4,000 per month in spousal support. On June 27, 2003, husband filed a petition seeking to reduce his spousal support on the ground that there has been a material change of circumstances regarding wife's financial needs.

At the time of the December 3, 2003 *ore tenus* hearing, husband was sixty and wife was sixty-seven years old. Evidence showed that husband had an annual income of $151,000 in 1992, and about $167,000 in 2003. Evidence also established that husband makes voluntary deductions and donations which lessen his potential income and has financial resources from which he can derive additional income, but has elected to underutilize them.

Wife testified that she was last employed thirty-five years ago doing clerical work, and the last time she attempted to obtain employment was in 1992. Moreover, wife does not drive. She explained that inflation has affected her standard of living and that although she no longer pays the mortgage on the former marital residence, she also no longer can deduct that interest from her taxes. Wife testified that she has been taking medication for anxiety and depression over the past two years. Her claimed monthly expenses were $4,572 in 1992 and $4,879 in 2003. Wife now has a monthly income of $1,312 from retirement and Social Security, which she did not have in 1992.

The trial court found that husband's income "is . . . very similar to what it was in 1992, although the numbers are greater" and that wife's "income is a little bit greater" because she now receives Social Security and a small pension. However, because of inflation, the trial court found that wife's income was essentially the same as it was in 1992. The trial court also found that husband has "quite a few assets," some of which he has "chosen not to draw on." In addition, the trial court considered wife's health and other circumstances and found that she was

"not capable of working at this time." As a result, the trial court found there was no material change of circumstances.

## ANALYSIS

"Upon petition of either party, a court may . . . [modify] . . . spousal support . . . as the circumstances may make proper." Code § 20-109. "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). The material change in circumstances "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." Hollowell v. Hollowell, 6 Va. App. 417, 419, 319 S.E.2d 451, 452 (1988). "The 'circumstances' which make 'proper' an increase, reduction or cessation of spousal support under Code § 20-109 are financial and economic ones." Id. at 419, 369 S.E.2d at 452-53. Some of the factors the trial court must consider include: "[t]he obligations, needs and financial resources of the parties," including, *inter alia*, "income from all pension, profit sharing or retirement plans, of whatever nature;" "[t]he standard of living established during the marriage;" and "[t]he earning capacity, including the skills, education and training of the parties and the present employment opportunities for persons possessing such earning capacity." Code § 20-107.1(E).

Not every material change of circumstances warrants a modification of support. See Blackburn v. Michael, 30 Va. App. 95, 103, 515 S.E.2d 780, 784 (1999).

> A material change in circumstances, standing alone, does not provide a basis for the trial court to modify its support decree. A modification is appropriate only after the court has considered the material change in circumstances in relation to . . . the present circumstances of both parties . . . . Thus, in a petition for reduction of support, the trial court must assess whether the requested reduction, based on a material change in circumstances, is justified in light of the overall circumstances of both parties . . . .

Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987) (addressing modification of child support); see also Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992).

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988). "'In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of witnesses.'" Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997) (quoting Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)).

The trial court considered the evidence and the relevant statutory factors in finding no material change of circumstances warranting a modification in support, and it explained in detail its rationale for doing so. The record contains sufficient credible evidence to support that decision. Thus, husband failed to carry his burden to prove both a material change in circumstances and that such a change warranted a modification of support. Accordingly, the trial court's decision is not plainly wrong.

Affirmed.