## 57752. JONES v. THE STATE.

DEEN, Chief Judge.
1. The defendant was indicted for first degree and convicted of second degree forgery in cashing at a local supermarket a welfare check stolen from another person. The jury saw the defendant. In evidence was a photograph made at the time the check was cashed. It showed the person presenting the check with the store in the background, the check tendered, and two pieces of identification, one also containing a picture of the purported owner. The jury was able from these facts, in addition to the eyewitness testimony of the witness cashing the check, to determine that the defendant was in fact the culprit and that the pictures on the photograph

were hers.

2. The indictment was returned on July 15, 1977, and alleged that the crime was committed June 1, 1976. The witness testified that the check was presented to him on June 1 or 2, 1976. "It is essential, to sustain a conviction of a criminal offense, that it be distinctly shown that the alleged offense was committed prior to the suing out of the accusation, or to the finding of the indictment or presentment by the grand jury." *Askew v. State,* 3 Ga. App. 79 (59 SE 311) (1907); *Minhinnett v. State,* 106 Ga. 141 (32 SE 19) (1898). The fact that the witness, testifying from recollection, was not positive as to whether the check was presented for payment on the first or second day of the month does not void the conviction.

3. While the trial judge refused to grant a list of requests by the jury which included a request for a magnifying glass, neither did he forbid their possession of such an item. That a deputy sheriff observed one of the jurors on the second day of the trial with a small case which *might* have contained a magnifying glass, and that the trial judge denied a motion to query the jury at large to find out whether any juror possessed one, does not constitute misconduct on the part of the jury or error on the part of the judge sufficient to support the grant of another trial. In *Union v. State,* 7 Ga. App. 27 (66 SE 24) (1909) where it was contended that the jury, which had with it in evidence in the jury room a jug of alleged moonshine, might have "experimented" with the exhibit and thereby been guilty of misconduct, this court held that identification of evidence by any of the five senses is not forbidden. "There is no evidence that the jury did in fact use their personal senses to test the comparative strength or weight of the testimony. But . . . there are some cases where the evidence is in part derived from physical objects, in which cases the jury must wholly by sense of sight determine what is proved. This rule has been recognized from time immemorial. And if the juror may ascertain and determine by sight (as in comparison of handwriting, in cases of forgery) facts which are vital to the guilt or innocence of the accused, why may he not, even though not sworn as a witness, ascertain by smell or taste whether a liquor coming from the possession of a

defendant is or is not an intoxicating beverage?" Id., p. 32. Some persons have better eyesight than others. Jurors are not deprived of their glasses when they enter the jury room, and we see no reason why, if the juror did in fact have a magnifying glass, or even if he used it in looking at the various physical exhibits, this would constitute misconduct. In fact, the use of a magnifying glass for the purpose of examining documentary evidence was specifically approved in *Carson v. State*, 241 Ga. 622, 626 (247 SE2d 68) (1978).

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

ARGUED MAY 7, 1979 — DECIDED JUNE 13, 1979.

*Louise T. Hornsby, Charles Gary Hodges,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.