59948, 59949. CLAITT v. THE STATE (two cases).

McMURRAY, Presiding Judge.

Defendant was tried on an indictment under which the jury would be authorized by the indictment to return a verdict of guilty of either rape or statutory rape. The jury returned a verdict of guilty of statutory rape. A motion for new trial was filed and denied. We have two appeals, one pro se by the defendant (No. 59949) and a separate appeal in which defendant is represented by counsel (No. 59948). The sole enumeration of error is the denial of defendant's motion for new trial based on the general grounds. *Held:*

The evidence established that the 13-year-old victim was returning home from a shopping trip with the defendant, her stepfather, when the defendant drove into a dead-end alley, parked the vehicle in which they were traveling and began talking on the CB radio. The victim testified that she then stated to the defendant that she wanted to go home and that the defendant then started trying to pull her clothes off and eventually forcibly pulled her pants down and raped her. The victim stated specifically that the defendant "put his penis in my vagina." The victim further testified that after defendant raped her a second time he cranked up the vehicle and drove them home, threatening to whip her if she told her mother. When the victim and defendant arrived home the victim ran to a neighbor's home and called the police. A medical examination later that night revealed motile sperm in the victim's vagina. Shortly after returning home the victim stated to her mother and to neighbors that she had been raped by her stepfather. The defendant denied raping the victim.

The testimony of the victim and the defendant are in conflict. The jury resolved the conflict, accepting as truthful the victim's testimony that an act of sexual intercourse had occurred but rejecting her testimony that it occurred due to acts of force by the defendant. Acts of force are irrelevant in a statutory rape case. It is the act of sexual intercourse and the age of the female that constitute the crime of statutory rape. *Drake v. State,* 239 Ga. 232, 233, 234 (236

SE2d 748). The evidence presented by the State adequately supports the verdict of the jury. *Allen v. State,* 150 Ga. App. 109, 111 (4) (257 SE2d 5); *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920).

After a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could easily have found the defendant guilty beyond a reasonable doubt of the offense of statutory rape. *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED MAY 8, 1980 — DECIDED MAY 23, 1980.

*J. Douglas Willix,* for appellant.
Eddie B. Claitt, *pro se.*
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.