A91A0284, A91A0285. COLLINS v. THE STATE (two cases).

(406 SE2d 520)

SOGNIER, Chief Judge.

Jim L. Collins was convicted of aggravated assault. We have consolidated his appeals from the denial of his motion for a new trial and the denial of his motion for bond pending appeal.

1. Appellant contends in his sole enumeration regarding his motion for a new trial that the trial court erred by denying the motion because appellant was wrongly deprived of his right to be present when the verdict was returned. The record reflects that while the jury was deliberating, Assistant District Attorney Rebecca Keel informed appellant and his two attorneys, Morgan Scott and James Finley, that she had been told the trial judge was sending the jury to lunch and that the trial judge had excused appellant and the attorneys for lunch for one and one half hours. Without checking to verify whether the information Keel had received was correct, appellant and Scott then left the courtroom. However, Keel had misunderstood the trial judge, who had not excused the parties. (We note that nothing in the record gives the slightest indication that Keel deliberately misinformed appellant and his attorneys; indeed, the record reflects that Keel also left the courtroom to go to lunch.) The jury returned a verdict during the period appellant, Scott, and Keel were absent. After waiting "over an hour" and with court personnel sent out but unable to find appellant, the trial court accepted the verdict in the presence of Finley, appellant's other attorney, and another assistant district attorney. Although the parties stipulate that Finley had also been told by Keel about the one and one half hour "recess" for lunch, the record fails to reflect that Finley informed the trial court about the misunderstanding or otherwise requested the trial court to wait until the hour and a half "lunch recess" had expired. Nor did Finley object to the trial court's action in proceeding to accept the verdict while appellant was absent as a result of the misunderstanding. Rather, Finley requested the trial court to poll the jury, which was done, after which the trial court discharged them. Appellant and Scott returned as the jury was departing, within the hour and a half "lunch recess." We note that the transcript reflects that no objection was made when appellant and his attorney Scott returned to the courtroom; and that even when the trial judge brought up the matter of the absence of Scott and Keel from the courtroom, chastising both attorneys, Scott merely responded that his action was based on information received from Keel, stating no objection to what had transpired.

We find no reversible error. "Confrontation rights are personal to the accused and are waived when the accused is free on bail and voluntarily absents himself from the trial. [Cits.] . . . [T]he voluntary absence of the accused waives his right to be present when sentence is

imposed. [Cits.]" *Byrd v. Ricketts*, 233 Ga. 779, 780 (213 SE2d 610) (1975). Because the trial court had not excused appellant, and appellant's co-counsel, although aware of the misunderstanding about the "lunch recess," did not inform the trial court of the reason for appellant's absence, the trial court "could assume that the defendant had voluntarily absented himself from the [return of the verdict], thereby waiving his confrontation rights." *Smith v. State*, 139 Ga. App. 515, 516 (228 SE2d 705) (1976). Given that the trial judge, not the assistant district attorney, had the authority to excuse appellant from the courtroom, see generally *Simpkins v. State*, 149 Ga. App. 763, 769 (256 SE2d 63) (1979), and that no effort whatsoever was expended by appellant or his counsel to verify that they had been excused from the courtroom while the jury was deliberating, we do not agree with appellant that his reliance on Keel's second-hand information rendered his absence from the courtroom anything but voluntary.

2. We are unable to address appellant's enumeration in which he contends the evidence was insufficient to support the trial court's finding that his motion for bond pending appeal was for the purpose of delay only due to the absence of a transcript of the evidence presented on the motion. " '(A)bsent a transcript, we must assume the ruling of the trial court is supported by the evidence.' [Cit.]" *Gibson v. State*, 187 Ga. App. 769, 771 (6) (371 SE2d 413) (1988).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 4, 1991 —
REHEARING DENIED JUNE 19, 1991 —

*Maloy & Jenkins, W. Bruce Maloy*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Rebecca A. Keel, Assistant District Attorneys*, for appellee.