A93A1665. WINFIELD v. THE STATE.
(437 SE2d 849)

COOPER, Judge.

Appellant was tried with four co-defendants for armed robbery and all five were found guilty by a jury. He appeals from the judgment and sentence entered on the jury verdict.

The evidence at trial showed that on October 15, 1990, two armed gunmen robbed the Citizen's Bank in Byromville, Georgia, shortly after it opened. Both robbers wore baseball caps, gloves, and masks, although the shorter of the two gunmen took his mask off briefly. Several days later, authorities executed a search warrant at an apartment in College Park, Georgia. There authorities found appellant and two of his co-defendants; money taken from the bank during the robbery, most of which was still in Citizen's Bank of Byromville bank straps; empty bank straps including one Federal Reserve bank strap which had to have come from the Byromville bank vault; and gloves identical to those used in the robbery. Surveillance cameras in the bank captured the entire robbery on videotape from which still pictures were developed showing various stages of the robbery. At trial, the Byromville police chief, who had observed appellant on at least two occasions for several hours at a time, was shown a photograph of the robbery and identified the shorter robber seen in the photograph as being appellant.

1. Appellant argues that he was denied his constitutional right to be present during voir dire and a portion of the second day of trial. When the trial commenced shortly after 9:00 a.m., neither appellant,

---

[2] On the other hand, the rule in *Suggs*, supra, still applies.

who was free on bond, nor his counsel was present; however, the prosecutor informed the court that he understood counsel for appellant was on his way. After a bench conference in which counsel for co-defendant Bryant Gee indicated he did not want to proceed without appellant, the trial court decided it would propound general qualification questions to the jury pending the arrival of appellant and his counsel. Counsel for appellant arrived as the court was in the process of excusing three jurors for cause. Counsel informed the court that he had spoken to appellant around 11:00 the previous evening and did not know what problems appellant might have encountered getting there; however, he was ready to proceed pursuant to appellant's arrival.

Without objection, the trial court divided the prospective jurors into four panels. Counsel for co-defendant Gee then requested the jury not be struck until appellant arrived. The court indicated it would hold a recess to discuss what to do if appellant did not arrive at which point counsel for appellant stated that he had just received word that his client had car trouble and was expected to arrive around 11:30 a.m. The court indicated that it would recess after voir dire in any event. After a bench conference concerning striking the jury, the court proceeded with voir dire without objection from appellant's counsel who participated fully in voir dire on appellant's behalf.

Appellant arrived during voir dire of the fourth panel of prospective jurors, and his counsel introduced him to the pool of jurors. After voir dire, appellant and his counsel participated in selection of the jury without objection. The court administered the oath to the jury and, after opening statements, adjourned for the day.

When court reconvened the next morning, counsel for co-defendant Gee moved for a continuance on the grounds his client had encountered car trouble and was expected to arrive from Atlanta around noon. Appellant's counsel also moved for a continuance, noting that he expected his client would be there. The trial court denied the motions on the ground both defendants knew their case was being tried and had a duty to be present. Trial resumed, and appellant and Gee arrived at 2:36 p.m., during direct examination of the State's sixth witness. The prosecutor moved to revoke both appellant's and Gee's bonds during the next recess. Counsel for Gee responded that his client had received a traffic ticket at 9:25 that morning in East Point, Georgia, had been arrested for driving on a suspended license, and had to arrange for bond. Counsel for appellant explained that appellant had traveled to court with Gee. The court denied the motion and appellant was present for the remainder of the trial.

The defendant's right to be present at every stage of the trial extends to selection of the jury. *Fictum v. State*, 188 Ga. App. 348 (2c) (373 SE2d 54) (1988). However, the defendant may waive the

right to be present during trial proceedings by voluntarily absenting himself from the court. Id. at 349. Furthermore, the right to be present during voir dire or jury selection may be waived by defendant's attorney in defendant's presence, by his express authority, or if he subsequently acquiesces to his attorney's waiver. *Allen v. State*, 199 Ga. App. 365 (6) (405 SE2d 94) (1991); see also *Williamson v. State*, 207 Ga. App. 565 (1) (428 SE2d 628) (1993).

Appellant voluntarily absented himself from the court since he was free on bail and clearly knew the proceedings had begun, but had not made sufficient arrangements to attend. See *Fictum*, supra. Moreover, while appellant's counsel did not expressly waive appellant's right to be present, at no time did counsel object to proceeding with voir dire in appellant's absence or move for a continuance. Furthermore, appellant's counsel participated fully in voir dire on appellant's behalf without objection. When appellant finally did arrive, neither he nor his counsel objected to voir dire having proceeded in his absence; appellant's counsel simply introduced him to the pool of jurors and stated that, while appellant had encountered car trouble, he had arrived as promised. Appellant was present for the remainder of voir dire and, without objection, he and his counsel participated in jury selection. Thus, the record supports a finding that appellant acquiesced in his attorney's conducting voir dire in his absence, and we conclude the trial court did not err in proceeding with voir dire without appellant present. See *Allen v. State*, supra (defendant acquiesced in his attorney's apparent waiver of his presence at jury selection when he met with counsel prior to trial and voiced no complaint about the jury being picked in his absence). *Pollard v. State*, 175 Ga. App. 269 (333 SE2d 152), cited by appellant, is distinguishable from this case. In *Pollard*, the defendant absented himself before jeopardy attached and never returned whereas, here, appellant appeared before jeopardy attached and was present for a portion of voir dire and the selection and swearing of the jury.

We also find the trial court did not err in conducting the second day of trial in appellant's absence. When court reconvened on the second day, appellant was not present and his counsel simply stated that he expected appellant would appear. When appellant and co-defendant Gee finally arrived late in the afternoon, they explained that Gee had received a traffic citation in East Point, Georgia; however, the citation was received 25 minutes after court had reconvened at a time when appellant and Gee were still over 100 miles away from the courthouse in Vienna, Georgia. "Confrontation rights are personal to the accused and are waived when the accused is free on bail and voluntarily absents himself from the trial." (Citations omitted.) *Byrd v. Ricketts*, 233 Ga. 779, 780 (213 SE2d 610) (1975). Because appellant was free on bail and failed to make sufficient arrangements to arrive

at the second day of trial on time, he waived his Sixth Amendment right of confrontation.

2. In his second enumeration of error, appellant contends the trial court erred in failing to rebuke the prosecutor or give curative instructions to the jury following improper statements by the prosecutor in his closing argument concerning appellant's absence from a portion of the trial. During the State's closing argument, the prosecutor stated that appellant, by his own choice, was not in the courtroom when the still photo of him taken from the videotape of the robbery was introduced such that the jury could compare it to appellant. He also stated that appellant had conveniently sat so that the jury could not see a profile of his face as was depicted in the still photograph. Although appellant's counsel objected to the prosecutor's comment about appellant's absence from the courtroom, he did not request curative instructions from the court or move for a mistrial. "A mere objection to improper argument of counsel, without more, is not sufficient to invoke action by the court which appellant now says should have been taken. In the absence of a specific motion either for a mistrial, or that the jury be instructed to disregard the argument, it is not error to fail to grant a mistrial or to instruct the jury." (Citations omitted.) *O'Kelley v. State*, 175 Ga. App. 503, 508 (4) (333 SE2d 838) (1985). Moreover, in response to appellant's objection, the trial court reiterated its earlier instruction to the jury not to draw any inference of guilt based on a defendant's absence from the trial. In any case, even if any error did attach to the trial court on this ground, "no miscarriage of justice resulted inasmuch as it is highly probable that the error did not contribute to the judgment." (Citations omitted.) *O'Kelley*, supra at 509.

3. In his third enumeration of error, appellant contends the trial court erred in giving a jury charge on expert testimony because no expert testimony was given. The only witness to whom the charge could have applied was a GBI agent who explained what a latent fingerprint is and testified that he was unable to match any of the latent fingerprints he developed with the fingerprints of the five defendants in the case. Under these circumstances, even assuming the agent's testimony did not authorize a charge on expert testimony, "we hold without hesitation that it is highly probable that the charge did not contribute to the verdict and was, therefore, harmless. [Cit.]" *Garrett v. State*, 184 Ga. App. 715 (5) (362 SE2d 423) (1987). We further reject appellant's contention that the charge on expert testimony bolstered the testimony of the Byromville police chief identifying appellant as one of the robbers pictured in a still photograph developed from the videotape of the robbery. Any reasonable juror would have known that the police chief was simply stating whom he believed to be pictured in the photograph and was not giving expert testimony.

· 4. Finally, we reject appellant's contention that the trial court erred in permitting the jury to have a magnifying glass in the jury room during deliberations. "The jury may examine and evaluate objects taken to the jury room, so long as their examinations and tests do not have the effect of introducing new evidence. Thus they may use a magnifying glass to examine evidence." *Carson v. State*, 241 Ga. 622, 626 (3) (247 SE2d 68) (1978); see also *Jones v. State*, 150 Ga. App. 300 (3) (257 SE2d 370) (1979).

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 10, 1993.

*Harold M. Harvey*, for appellant.
*John C. Pridgen, District Attorney*, for appellee.