A93A2421. GEE v. THE STATE.
(442 SE2d 290)

COOPER, Judge.

Appellant was convicted by a jury of armed robbery. He appeals from the judgment of conviction and sentence and the denial of his motion for new trial.

The evidence showed that on October 15, 1990, the Citizen's Bank in Byromville was robbed of $38,000 by two armed men wearing baseball caps, gloves and masks. A stolen car used by the robbers was abandoned behind a house outside Byromville. The baseball caps worn by the robbers were discovered inside the house along with a pair of surgical gloves. The evidence revealed that at the house, the men met up with a third man who transported the robbers out of the area where they eventually made contact with two others involved in the robbery. Several days later, police searched an apartment in College Park pursuant to a warrant and discovered Marcus J. Winfield, later identified as one of the robbers; two others who assisted in the staging of the crime; $3,000 bound by dated Citizen's Bank of Byromville straps; loose straps from the bank; a Federal Reserve Bank strap which had been in the Citizen's Bank's vault and surgical gloves. Five persons, including appellant, were subsequently arrested and charged with armed robbery. A bank employee testified that the taller of the two men pointed a gun at her and ordered her to place her hands on the counter while the second man removed money from

the vault. The employee positively identified appellant during the trial as the taller robber. Although appellant was wearing a ski mask at the time of the robbery, the employee testified that she remembered appellant's "piercing" eyes. Another employee testified that one of the robbers was approximately 5'11" to 6' in height and weighed 170-180 pounds, and the other man was approximately 5'6" and weighed approximately 150 pounds. Videotape from a surveillance camera which captured the entire robbery and still photographs made from the tape were introduced at trial. All five defendants were convicted of armed robbery. The shorter gunman was identified as Marcus J. Winfield. His conviction was affirmed by this court in *Winfield v. State*, 210 Ga. App. 849 (437 SE2d 849) (1993).

1. Appellant contends the trial court erred in refusing to grant a continuance due to his involuntary absence from the courtroom on the second day of the trial. Prior to the commencement of the trial on the second day, appellant's counsel moved for a continuance on the ground that appellant was experiencing car trouble in Atlanta and would not be able to get back to court in Vienna, Georgia, until noon. The trial court denied the motion on the ground that appellant knew the trial would begin at 9:00 a.m. and had a duty to be present. Appellant did not arrive until 2:45 p.m., during the direct examination of the State's sixth witness. The prosecutor moved for revocation of appellant's bond which the court denied. Appellant's counsel explained that appellant got a traffic ticket at 9:25 that morning in East Point, Georgia, for running a red light and driving with a suspended license. He was arrested and was further delayed because he had to arrange for bond. Appellant contends his absence was involuntary and he was prejudiced by the trial court's refusal to grant a continuance because he was denied the right to be present when the State presented the majority of the evidence against him, including the testimony of the only witness who could identify him.

"Confrontation rights are personal to the accused and are waived when the accused is free on bail and voluntarily absents himself from the trial. [Cits.]" *Byrd v. Ricketts*, 233 Ga. 779, 780 (213 SE2d 610) (1975). Appellant was free on bail, was over 100 miles away from Vienna at the time the trial commenced on the second day and failed to make sufficient arrangements to arrive in court on time; therefore, he waived his constitutional right to confrontation. *Winfield*, supra; *Byrd*, supra.

2. Appellant contends the evidence was insufficient to establish his guilt beyond a reasonable doubt. Appellant specifically questions the identification by the bank employee and the general quality of the videotape and photographs of the robbery. " 'Questions of the weight to be given evidence and to the credibility of witnesses are solely for the jury.' [Cit.] The evidence was sufficient to enable a rational trier

of fact to find [appellant] guilty beyond a reasonable doubt of the offense of which [he] was convicted. [Cits.]" *Carroll v. State*, 208 Ga. App. 316, 317 (1) (430 SE2d 649) (1993).

3. Appellant enumerates as error the denial of his motion for new trial based on newly discovered evidence, specifically an admission by appellant's half-brother that he, rather than appellant, committed the robbery. "A defendant seeking a new trial based on newly discovered evidence must satisfy the court as to six requirements, including that the evidence [has come to his knowledge since the trial and that it was not owing to the want of due diligence that he did not acquire it sooner]. *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980). 'Failure to show one requirement is sufficient to deny a motion for a new trial.' [Cit.]" *Cofield v. State*, 204 Ga. App. 776, 778-779 (2) (420 SE2d 597) (1992). In his appellate brief, appellant admits knowing of his brother's alleged participation in the robbery at the time of his trial but not to the extent of the information contained in his brother's affidavit which was admitted at the hearing on the motion for new trial. However, appellant was free on bond at the time of his trial, and there is no evidence of due diligence on the part of appellant in obtaining for trial further evidence of his brother's involvement in the robbery. We find no error in the trial court's denial of appellant's motion for new trial on the basis of newly discovered evidence. See *Clayton v. State*, 203 Ga. App. 843 (4b) (418 SE2d 610) (1992).

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED MARCH 11, 1994.

*Wright & Hyman, G. Russell Wright*, for appellant.
*John C. Pridgen, District Attorney*, for appellee.