## A99A2455. RENDER v. THE STATE.
(525 SE2d 368)

BLACKBURN, Presiding Judge.

Adrian Render appeals his conviction, following a jury trial, for selling cocaine in violation of the Georgia Controlled Substances Act, OCGA § 16-13-30 (b), contending that his conviction must be reversed because the State failed to prove venue. Render raised this issue during trial by making a motion for a directed verdict and, later, during his motion for a new trial. For the reasons set forth below, we affirm.

> Our Georgia Constitution requires that venue in all criminal cases must be laid in the county where the crime is alleged to have been committed. Venue is a jurisdictional fact that must be proved by the prosecution beyond a reasonable doubt. Only when the evidence is not conflicting and when no challenge to venue is raised at trial will slight evidence be sufficient to prove venue. When there is insufficient evidence of venue, the verdict rendered is contrary to law and without sufficient evidence to support it.

(Footnotes omitted.) *Graves v. State*, 269 Ga. 772, 773 (1) (504 SE2d 679) (1998). "Further, circumstantial as well as direct evidence may be used to establish venue. Venue is a question to be decided by the jury[,] and its decision will not be set aside as long as there is any evidence to support it." (Citation omitted.) *Jones v. State*, 245 Ga. 592, 596 (2) (266 SE2d 201) (1980).

Because Render challenged venue during his trial, the slight evidence rule is not applicable in this case. The evidence adduced at trial, however, is enough to establish venue beyond a reasonable doubt. Viewed in the light most favorable to the verdict, the record shows that Render was found guilty for selling cocaine to undercover officers on February 9, 1998, in Meriwether County. Agent Donnie Winfield, a member of the Haralson County Drug Task Force, testified that he was assigned to work in Meriwether County on February 9, 1998. Winfield further testified that, on that date, he traveled to a residence off Highway 85 where Render participated in a sale of cocaine to him. There were several houses on the same piece of prop-

erty where the sale took place, including a gray house and a tan house. On cross-examination, Render's attorney asked Winfield where in Meriwether County he had seen Render, and Winfield replied that he had seen him at the tan house where the drug sales took place. This testimony supports the jury's determination that venue was appropriate in Meriwether County beyond a reasonable doubt, and, as such, the trial court appropriately denied both Render's motion for directed verdict and motion for new trial on this issue.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 15, 1999.

*Joseph W. Jones, Jr.,* for appellant.
*Peter J. Skandalakis, District Attorney, Rudjard M. Hayes, Assistant District Attorney,* for appellee.