WISE, Judge.
The appellant, Janet P. Bargeron, appeals from the circuit court’s denial of her petition for postconviction relief, filed pursuant to Rule 32, Ala. R.Crim. P., in which she challenged her 1999 conviction for first-degree theft of property and her resulting sentence. This Court affirmed Bargeron’s conviction on December 15, 2000, by unpublished memorandum. See Bargeron v. State (No. CR-98-2017), 820 So.2d 167 (Ala.Crim.App.)(table). The certificate of judgment was issued on April 20, 2001.
On December 11, ■ 2002, Bargeron filed the instant petition, --in which she alleged:
(1) That her conviction was obtained by the State’s unconstitutional failure to disclose certain exculpatory information relating to a federal “941 tax deposit” form that Bargeron completed in connection with her July 1995 transfer of $25,000 into her personal checking account;
(2) That she was denied a fair trial because one of her jurors was unqualified to serve;
(3) That her trial counsel rendered ineffective assistance by failing to appear in court in connection with her restitution hearing;
(4) That her counsel rendered ineffective assistance because counsel failed to object to the trial court’s failure to charge the jury with the definition of the term “deprive” as the term is used in the first-degree theft of property statute; '
(5) That her counsel rendered ineffective assistance by failing to object to the qualifications of two of her jurors to serve as a juror;
(6) That her counsel rendered ineffective assistance by failing to move for a mistrial based on the ground that an unqualified person served on her jury;
(7) That her counsel rendered ineffective assistance by failing to ensure that a requested jury instruction relating to circumstantial evidence was given;
(8) That her trial counsel was ineffective for failing to pursue Bargeron’s abuse-of-criminal-process allegations against her ex-husband;
(9) That her sentence is illegal because Bargeron was ordered, to pay restitution in excess of the amount of loss to the victim;
(10) That her sentence is illegal because Bargeron was ordered to pay restitution to an entity/entities to which she did not owe restitution; and
(11) That newly discovered evidence exists that shows she is actually innocent of the crime of owing restitution to the Cincinnati Insurance Company.
After receiving a response from the State, the circuit court, in a written order, denied Bargeron’s petition. This appeal followed.
On appeal, Bargeron reiterates her claims and alleges that the trial court erred in denying her Rule 32 petition.
Claim 1 is precluded because Bar-geron could have raised it at trial and on appeal, but did not. Rules 32.2(a)(3) and (a)(5), Ala. R.Crim. P. Claim 2 is precluded pursuant to Rule 32.2(a)(4), because this claim was raised and addressed on direct appeal.[1] Accordingly, the circuit court did not err when it denied Bargeron’s request *387 ed relief as to those nonjurisdictional claims.
Claims 3 through 8 alleged ineffective assistance of trial counsel. Because Bar-geron was convicted after the Alabama Supreme Court’s decision in Ex parte Ingram, 675 So.2d 863, 865 (Ala.1996), she properly raised her ineffective-assistance-of-trial-counsel claims in the Rule 32 petition.
To prevail on a claim of ineffective assistance of trial counsel, a defendant must show (1) that counsel’s performance was deficient; and (2) that the defendant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove prejudice, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” 466 U.S. at 694, 104 S.Ct. 2052. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. Moreover, “a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” 466 U.S. at 689, 104 S.Ct. 2052; see also Hallford v. State, 629 So.2d 6 (Ala.Crim.App.1992).
In its order denying the Rule 32 petition, the circuit court stated:
“The court has examined [its] notes from the hearing as well as the transcript and finds and determines that the lawyer representing the defendant, Honorable Donald Bolton, did not fall below the standards required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The court notes that the defendant was acquitted with respect to one of the counts of the indictment. The defendant is not guaranteed a perfect trial but only a fair trial. She has failed to meet her burden of proving that Mr. Bolton’s performance prejudiced her in any manner.”
(R. 5.)
We have reviewed the record from Bar-geron’s direct appeal, and we find that Bargeron has failed to show that her counsel’s performance, with regard to claims 4-8, was deficient or that she was prejudiced by counsel’s alleged deficient performance.
We find, however, that the failure of counsel to appear at the restitution hearing, as alleged in claim 3, constituted ineffective assistance of counsel. Restitution hearings are a component of the criminal-sentencing proceeding and, therefore, the right to presence of counsel at such a proceeding is paramount. See Hill v. Bradford, 565 So.2d 208 (Ala.1990). Because of the absence of counsel at this stage in the proceeding, we find it necessary to remand this cause to the circuit court for a new restitution hearing, at which counsel should be present.
Bargeron raises further issues regarding the legality of her restitution order, which we do not reach because a new restitution hearing has been ordered. However, we do encourage the circuit court to make inquiry into the restitution payment history in order to clarify the amount of restitution owed to the victim and to Cincinnati Insurance Company. While we recognize that the amount of restitution ordered in any particular case is at the discretion of the trial court, the legislative intent of the restitution statute was not intended to be punitive in nature.
The Restitution to Victims of Crime Act, codified at § 15-18-65 et seq., Ala.Code 1975, establishes the right of crime victims to receive compensation. This Court, in Roberts v. State, 863 So.2d 1149 (Ala.Crim.App.2002), stated:
*388 “The legislative purpose underlying the Act, as evidenced by the plain language of § 15-18-65, was to fully compensate victims of crime for ‘any pecuniary loss, damage or injury’ suffered as a direct or indirect result of a criminal act. See Butler v. State, 608 So.2d 773 (Ala.Crim.App.1992), and Gladden v. State, 644 So.2d 1267 (Ala.Crim.App.1993). In Ex parte Clare, 456 So.2d 357, 358 (Ala.1984), the Alabama Supreme Court stated:
“ ‘The Court of Criminal Appeals states that included in the concept of special damages is the right to receive punitive damages. This, however, is incorrect. The purpose of the above-cited statute, as announced by the legislature, is to ensure
“ . that all perpetrators of criminal activity or conduct be required to fully compensate all victims of such conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof....” (Emphasis added.)
“‘Code 1975, § 15-18-65 (1982 Repl. Vol.). These special damages, then, are based on the theory of compensation. In Birmingham Waterworks Co. v. Keiley[, 2 Ala.App. 629, 56 So. 838 (1911)], the Court of Appeals discussed the issue of damages, and stated:
“ ‘ “Actual damages are recoverable at law, out of a wrongdoer by the injured party as a matter of right as compensation for the actual loss sustained by him by reason of such wrong. Punitive damages are damages over and above such sum as will compensate a person for his actual loss, and the law permits their imposition, in proper cases, at the discretion of the jury, not because the party injured is entitled to them as matter of right, but as punishment to the wrongdoer, and to deter him and others in similar businesses from such wrongdoing in the future.”
“ ‘2 Ala.App. 629, 637, 56 So. 838, 841 (1911), citing Oliver v. Columbia, N. & L.R.R. Co., 65 S.C. 1, 43 S.E. 307 (1902). The legislative intent of the restitution statute is to compensate, and not to punish. We, therefore, hold that the special damages that the victim is entitled to in this case are limited to an amount which fully compensates the victim, and these damages may not be punitive in nature.’ ”
863 So.2d at 1153.
Based on the foregoing, the judgment of the trial court is affirmed in part and reversed in part and the case remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
McMILLAN, PA., and COBB, BASCHAB, and SHAW, JJ., concur.

. This Court may take judicial notice of its own records. Hull v. State, 607 So.2d 369, 371 (Ala.Crim.App.1992).