## A09A1220. MARTIN v. THE STATE.
### (683 SE2d 649)

BERNES, Judge.

Following a bench trial, Shawn Lee Martin was convicted of sexual battery. On appeal, Martin contends that the state failed to prove beyond a reasonable doubt that venue was in Habersham County. We disagree and affirm.

> Generally, a criminal action must be tried in the county in which the crime was committed (Ga. Const. 1983, Art. VI, Sec. II, Par. VI; OCGA § 17-2-2 (a)), and the [s]tate may establish venue by whatever means of proof are available to it, including direct and circumstantial evidence. As an appellate court, we view the evidence in a light most favorable to support the verdict and determine whether the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the crime was committed in the county where the defendant was indicted.

(Citations omitted.) *Chapman v. State*, 275 Ga. 314, 317 (4) (565 SE2d 442) (2002).

Construing the evidence in favor of the verdict, we conclude that the state established venue beyond a reasonable doubt in this case. Martin was tried in Habersham County for committing an act of sexual battery against the female child of his former girlfriend. At trial, the victim testified that on one occasion when she was at Martin's home, he touched her private area and it hurt. According to the victim, Martin's mother lived in the same home.

The victim's mother testified that she had visited the home of Martin's mother while she was dating Martin, and she believed the home was located in Habersham County. She further testified that Martin had lived with his mother at the home.

During her testimony, the victim's mother also described the home where Martin had lived with his mother as being located off of old Highway 441 near a gasoline station and a restaurant called Reba's Diner. The officer who investigated the case testified that based on his experience and knowledge of the county, the location of the home as described by the victim's mother was in Habersham County.

This combined testimony was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Martin committed the sexual battery in Habersham County. See, e.g., *Flanders v. State*, 285 Ga. App. 805, 806 (2) (648 SE2d 97) (2007); *Hightower v. State*, 256 Ga. App. 793, 797-798 (4) (570 SE2d 22) (2002). Martin's arguments to the contrary go only to the weight and credibility assigned to the testimony presented, which were solely within the purview of the trier of fact. See *Gee v. State*, 212 Ga. App. 422, 423-424 (2) (442 SE2d 290) (1994).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 10, 2009.

*Suzanne M. Boykin*, for appellant.
*Brian M. Rickman, District Attorney*, for appellee.