A11A0129. WILLIAMS v. THE STATE.
(715 SE2d 440)

DILLARD, Judge.

Tina Elaine Williams appeals from the trial court's order of restitution following her guilty plea to one count of criminal damage to property in the second degree. She argues that the trial court

---

unlawfully increased her sentence by conducting a restitution hearing more than 60 days after the entry of judgment of conviction and sentencing, despite language in the sentencing order directing the hearing to be held within 60 days; and further that the trial court erred in proceeding with the restitution hearing in her absence. For the reasons noted infra, we affirm.

On March 30, 2010, Williams pleaded guilty to one count of criminal damage to property in the second degree after she intentionally scratched the paint on numerous surfaces of the victim's vehicle. The trial court sentenced Williams as a first offender to a four-year probated sentence, and directed her to pay restitution in an amount "determined at a special set hearing within 60 days." Likewise, Williams acknowledged in her plea petition that she would be required to pay restitution in a later-determined amount. Thereafter, the State filed a rule nisi, which it served on Williams's counsel, that set the restitution hearing for June 29, 2010. Although Williams did not appear at the restitution hearing, her counsel did so on her behalf, and the State presented evidence related to the costs expended by the victim and her insurance company to repair the damage to the victim's automobile. Consistent with the evidence presented, the trial court ordered Williams to pay restitution in the amount of $689 directly to the victim, and $3,744.06 to the victim's insurance company. This appeal follows.

1. Williams first argues that, because the trial court failed to hold the restitution hearing within the 60-day window set forth in the sentencing order, the later-ordered restitution unlawfully expanded her sentence. We disagree.

Pursuant to OCGA § 17-14-3 (a), the trial court is authorized "in sentencing an offender, [to] make a finding as to the amount of restitution due any victim." In the event that an appropriate restitution amount has not been established at the time of sentencing, the trial court "shall set a date for a hearing to determine restitution."[1] There is no statutory mandate as to when the restitution hearing must occur.

Significantly, Williams's original probated sentence required her to pay restitution as a condition of her probation, and Williams expressly acknowledged this requirement in the plea form she signed at the time of the plea. Consequently, the later-determined restitution amount did not unlawfully enhance her sentence, but rather clarified that provision of her sentence, as authorized by OCGA § 17-14-7 (b).[2] And while the trial court did direct that a restitution

---

[1] OCGA § 17-14-7 (b).

[2] See generally McMahon v. State, 273 Ga. App. 574, 574-75 (1) (615 SE2d 625) (2005)

hearing take place within 60 days of sentencing, we decline to hold—in the absence of a statutorily imposed time limit—that the trial court created a substantive right for Williams to have the restitution hearing held within that time.[3]

2. Williams further argues that the trial court erred in holding the restitution hearing in her absence. Again, we disagree.

Every defendant has a fundamental right to be present at all critical stages in his or her prosecution.[4] This right, however, belongs to the defendant and can be waived.[5] Our Supreme Court has previously held that, during a sentencing hearing, "the voluntary absence of the accused waives his right to be present when sentence is imposed."[6]

Assuming, without deciding, that the restitution hearing was a critical stage of Williams's prosecution, the trial court did not err by proceeding with the hearing despite Williams's absence. Significantly, the record shows, and Williams does not dispute, that her counsel was served with the rule nisi reflecting the date of the scheduled hearing, and nothing in the record indicates that the trial court ordered service directly on Williams.[7] Moreover, Williams has

---

(declining to hold that the trial court's failure to conduct a restitution hearing for the seven months between the sentencing and defendant's filing of a notice of appeal deprived the court of jurisdiction to specify restitution amount); *Zebley v. State*, 234 Ga. App. 18, 19 (2) (505 SE2d 562) (1998) (rejecting defendant's argument that restitution determined pursuant to a later-held hearing constituted an enhancement of his sentence). *Compare Harris v. State*, 261 Ga. 859, 860-61 (2) (413 SE2d 439) (1992) (holding that the trial court lacked the authority to increase the previously ordered restitution amount without the defendant's consent once the defendant had begun serving his sentence).

[3] *Cf.* OCGA § 42-8-34 (g) ("The judge is empowered to . . . , in any manner deemed advisable by the judge, modify or change the probated sentence . . . at any time during the period of time prescribed for the probated sentence to run.").

[4] *See, e.g., Hampton v. State*, 282 Ga. 490, 491-92 (2) (a) (651 SE2d 698) (2007) ("The United States Supreme Court has long recognized that a criminal defendant's right to be present at all critical stages of the proceedings against him is a fundamental right and a foundational aspect of due process of law." (footnote omitted)); *Huff v. State*, 274 Ga. 110, 111 (2) (549 SE2d 370) (2001) ("[A] critical stage in a criminal prosecution is one in which a defendant's rights may be lost, defenses waived, privileges claimed or waived, or one in which the outcome of the case is substantially affected in some other way." (citation and punctuation omitted)).

[5] *See, e.g., Pollard v. State*, 175 Ga. App. 269, 269-70 (333 SE2d 152) (1985) (noting that a defendant's absence during a phase of trial "is treated as a waiver of the right of confrontation" and that "confrontation rights are personal to the accused and are waived when the accused . . . voluntarily absents himself[.]" (citation omitted)).

[6] *Byrd v. Ricketts*, 233 Ga. 779, 780 (213 SE2d 610) (1975) (citations omitted); *see Estep v. State*, 238 Ga. App. 170, 172 (1) (518 SE2d 176) (1999) (trial court was authorized to sentence appellant despite her voluntary absence); *Collins v. State*, 200 Ga. App. 71, 71-72 (1) (406 SE2d 520) (1991) (same).

[7] *See* OCGA § 17-1-1 (b) (1) ("Where service is required to be made, the service shall be made upon the party's attorney unless service upon the party himself is ordered by the court."); *Carter v. State*, 253 Ga. App. 795, 796 (1) (560 SE2d 697) (2002) (absent a directive by the court that a criminal defendant is to be directly served, service on a defendant's attorney

not argued that she was not provided with notice of the hearing, nor has she offered an explanation for her absence.[8] Consequently, the trial court was entitled to presume that Williams voluntarily chose not to attend the hearing, thus waiving her confrontation rights.[9]

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED JULY 6, 2011 —
RECONSIDERATION DENIED JULY 27, 2011 — ▮▮▮▮▮▮▮

*Travis A. Williams*, for appellant.

*Lee Darragh, District Attorney, John D. West, Jr., Assistant District Attorney*, for appellee.

---

is appropriate).

[8] *See, e.g., Yancey v. State*, 219 Ga. App. 116, 116 (464 SE2d 245) (1995) ("[T]he burden of determining the cause of the defendant's absence [is] on his counsel, not on the trial judge." (citation and punctuation omitted)).

[9] *See, e.g., Collins*, 200 Ga. App. at 72 ("Because the trial court had not excused appellant, and appellant's co-counsel . . . did not inform the trial court of the reason for appellant's absence, the trial court could assume that the defendant had voluntarily absented himself from the [proceeding], thereby waiving his confrontation rights." (citations and punctuation omitted)); *Smith v. State*, 139 Ga. App. 515, 516 (1) (228 SE2d 705) (1976) (same).