**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**January 31, 2013**

# In the Court of Appeals of Georgia

A12A2022. GIBSON v. THE STATE.

BOGGS, Judge.

In this appeal, we consider whether a restitution hearing is a "critical stage of proceedings" in which a defendant has a right to counsel. Under the circumstances presented here, we conclude that it is, and we accordingly reverse and remand for a new restitution hearing.

Derrick Gibson pleaded guilty to theft by receiving, theft by taking, theft by deception, falsification of a vehicle identification number, and removal of a vehicle identification number in connection with the theft of a classic Ford Mustang. At the plea hearing, Gibson's counsel indicated that he was willing to pay restitution, but disagreed with the amount proposed by the State. The trial court accepted the plea and directed that Gibson remain in the courtroom so that his staff could schedule a date

for his return for the restitution hearing. Sentence was entered accordingly. At the restitution hearing, Gibson's counsel was present, but Gibson did not appear. Counsel provided no explanation or excuse for the absence of her client.

The victim presented testimony regarding his expenses and damage to the vehicle. When Gibson's counsel rose to cross-examine, the trial court refused to allow her to cross-examine the witness, produce any evidence, or make argument regarding the amount of restitution in the absence of her client. The trial court observed, "I don't think you get to challenge without him present, the -- essentially, the reasonableness of what he's asking for." The trial court concluded, "I'm going to give him everything he's asking for if your client's not present."

An order was entered directing that Gibson pay $1,692 in restitution. From this order, Gibson appeals, asserting four enumerations of error. We find that Gibson waived his right to be present in person at the hearing, but he did not waive his right to be represented by counsel in his absence. We accordingly reverse and remand for a new restitution hearing.

1. Gibson's first enumeration of error is controlled by our recent decision in *Williams v. State*, 311 Ga. App. 152, 154 (2) (715 SE2d 440) (2011). In *Williams,* a restitution hearing was held in the absence of the appellant, but her counsel was

present. Id. at 153. We assumed without deciding that a restitution hearing is a "critical stage of proceedings" requiring the presence of the defendant, id. at 154, and concluded that because counsel was given notice of the restitution hearing and counsel offered no explanation for Williams' absence, "the trial court was entitled to presume that Williams voluntarily chose not to attend the hearing, thus waiving her confrontation rights." (Citations and footnotes omitted.) Id. at 155.

Here, the trial court at the end of the sentencing hearing gave notice of the restitution hearing not only to Gibson's counsel but to Gibson himself as well: "You're not to leave the courtroom today until my staff . . . gives you a date to come back for a restitution hearing." As in *Williams*, Gibson's counsel was present at the restitution hearing, but did not present evidence or state in her place any reason for Gibson's absence. Gibson therefore waived his right to be present at the restitution hearing. Id.

Gibson attempts to distinguish *Williams* by asserting that he "failed to appear" rather than "failed to return" to court, citing such decisions as *Pollard v. State*, 175 Ga. App. 269, 270 (333 SE2d 152) (1985). But the cases cited by Gibson involve the absconding of a defendant prior to trial, when jeopardy had not yet attached. Id.; compare *Winfield v. State*, 210 Ga. App. 849, 851 (1) (437 SE2d 849) (1993)

3

(defendant failed to appear on second day of trial). Here, Gibson had entered a plea of guilty and jeopardy had attached. OCGA § 16-1-8 (a) (2); *Terrell v. State*, 236 Ga. App. 163, 165 (511 SE2d 555) (1999). The trial court did not err by proceeding with the restitution hearing in Gibson's absence.

2. The trial court did err, however, in refusing to allow Gibson's counsel, who was present, to cross-examine the victim on the issues of his expenses and the amount of restitution to which he was entitled, or to present argument on Gibson's behalf.

Independent of his right to be present, which was waived as noted in Division 1, Gibson is entitled to representation by counsel at any "critical stage of the proceedings," including sentencing. *Robertson v. State*, 280 Ga. 885, 886 (635 SE2d 138) (2006). In *Golden v. Newsome*, 755 F2d 1478, 1481 (11th Cir. 1985), upon which our Supreme Court relied in *Robertson*,[1] the Eleventh Circuit considered the appeal of a Georgia habeas corpus proceeding. The court held that the petitioner's sentencing was fundamentally unfair because he was denied his right to be represented by counsel at the proceeding, even though he was a fugitive from justice at the time. *Golden*, supra, 755 F2d at 1484. See also Ga. Const. Art. I, § I, Para. XII

---

[1]See *Perez v. State*, 283 Ga. 196, 198 (657 SE2d 846) (2008) ("The decisions of the Eleventh Circuit are not binding on this Court, but they are persuasive authority. [Cit.]")

("No person shall be deprived of the right to prosecute or defend, either in person *or by an attorney*, that person's own cause in any of the courts of this state." (Emphasis supplied.))

We therefore must consider the issue that was not reached in *Williams*, supra: is a separate restitution hearing a "critical stage of proceedings"? While we have found no Georgia decision directly on point, other states which have considered the question have held that a restitution hearing is part of sentencing and therefore a critical stage at which the defendant is entitled to counsel. Like federal law, these decisions are not in any sense binding precedent, but we may look to them for persuasive reasoning. *Smith v. Stewart*, 291 Ga. App. 86, 92 (1) n.7 (660 SE2d 822) (2008).

"A criminal defendant is entitled to representation by counsel at all critical stages of the proceeding, including sentencing. This includes any hearing to determine the amount of restitution. [Cits.]" *Ritch v. State*, 14 So. 3d 1104, 1107 (Fla. Dist. Ct. App. 2009). See also *Bargeron v. State*, 895 So. 2d 385, 387 (Al. Crim. App. 2004); *State v. Guadagni*, 218 Ariz. 1, 7 (178 P.3d 473) (2008); *Long v. State*, 2009

Ark. App. 97 (2009 Ark. App. LEXIS 77, decided February 18, 2009) (unpublished)[2]; *People v. Cain*, 82 Cal. App. 4th 81, 87 (I) (97 Cal. Rptr. 2d 836) (2000); *State v. Alspach,* 554 N.W.2d 882, 883 (II) (Iowa 1996); *State v. Muhammed*, 250 P.3d 844 (Kan. App. 2011) (unpublished); *State v. Sabby*, 2011 Minn. App. Unpub. LEXIS 333 (Case Nos. A10-825, A10-1397, decided April 12, 2011); *State v. Perkins*, 2011 Ohio 3129 at ¶ 8 n.1 (Ohio Ct. App. 2011); *State v. Phillips*, 235 Or. App. 646, 653 (234 P.2d 1030) (2010), modified, 236 Or. App. 465 (236 P.3d 789) (2010); *State v. Cabrera*, 2007 UT App. 194 at ¶ 14 (II) (163 P.3d 707) (2007).

After carefully reviewing these decisions, we find the reasoning employed persuasive. We therefore conclude that a separate hearing to determine the amount of restitution to be made part of a defendant's sentence is a critical stage of proceedings. In some cases an order for restitution is merely a pro forma, ministerial act not requiring the exercise of the court's discretion, and thus is not a critical stage of the proceedings. See *Robertson*, supra, 280 Ga. at 886; *Golden*, supra, 755 F2d at 1484 n.9. But here, the trial court took evidence and exercised its discretion at a

[2]Although this is an unpublished opinion and thus of no precedential value, see Ark. Sup. Ct. & Ct. of App. Rule 5-2 (c), we consider the reasoning of this and other unpublished decisions persuasive, much as we may consider the content of a Georgia Court of Appeals decision despite its lack of precedential value. *Amusement Sales, Inc. v. State of Georgia*, 316 Ga. App. 727, 736 (2) (730 SE2d 430) (2012).

separate hearing to set the amount of restitution. Gibson has enumerated specific issues with regard to the amount of restitution which his counsel was prevented from asserting on his behalf. The trial court's action in determining the amount of restitution was part of Gibson's sentencing and was not "purely ministerial," and the hearing was thus a critical stage of proceedings at which Gibson was entitled to representation by counsel.

The State argues that Gibson's right to counsel was satisfied by the physical presence of his attorney at the hearing. But "it has long been recognized that the right to counsel is the right to effective assistance of counsel." (Citation and punctuation omitted.) *United States v. Cronic*, 466 U. S. 648, 654 (II) (104 SC 2039, 80 LE2d 657) (1984). And effective representation requires that counsel "subject the prosecution's case to meaningful adversarial testing." (Citation, punctuation, and footnote omitted.) *State v. Heath*, 277 Ga. 337, 338-339 (588 SE2d 738) (2003), citing *Cronic*, supra. Prohibiting counsel from cross-examining the witness and from making argument prevents any meaningful challenge to the State's case, and in such circumstances the mere presence of counsel does not amount to representation.

The State also conflates Gibson's right to representation by counsel at the restitution hearing with the Sixth Amendment right of confrontation, which is

personal to the accused and may be waived.[3] But waiver of the right of confrontation does not foreclose the right to representation by counsel. In *Winfield*, supra, although Winfield "waive[d] the right to be present during trial proceedings by voluntarily absenting himself from the court, [cit.]" Winfield's counsel continued to conduct the trial and cross-examine witnesses. 210 Ga. App. at 850-851. Compare *Anderson v. State*, 238 Ga. App. 866, 873 (3) (519 SE2d 463) (1999), in which Anderson acted as his own attorney and waived his right to cross-examine a State witness when he "voluntarily absent[ed] himself from the proceedings. [Cit.]"

We therefore reverse and remand this case to the trial court for a new restitution hearing.

3. Gibson's remaining enumeration of error is rendered moot by our decision in Division 2.

*Judgment reversed and case remanded with direction. Doyle, P. J. and Andrews, P. J., concur.*

---

[3]The State cites *Pearce v. State*, 256 Ga. App. 889, 891 (2) (570 SE2d 74) (2002), for this proposition, but there we expressly did not consider the question because Pearce waived it by failure to object at trial.