**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 19, 2025**

# In the Court of Appeals of Georgia

A25A1742. BOSTON v. THE STATE.

MERCIER, Judge.

Following a jury trial, Michael Boston was convicted of child molestation, incest, and aggravated sexual battery. He appeals, arguing that the trial court erred by trying him in absentia. We agree and reverse.

1. Briefly, and viewed in the light most favorable to the jury's verdict, see *Burch v. State*, 343 Ga. App. 474, 474 (806 SE2d 863) (2017), the evidence presented at trial shows the following. Boston began touching his stepdaughter, N. M., inappropriately when she was 11 years old. The abuse continued for approximately four years, with Boston frequently and regularly subjecting N. M. to sexual acts, including sexual intercourse, oral sex, and digital penetration of her vagina. N. M. eventually disclosed

the abuse to her best friend, who reported the outcry to N. M.'s mother. Based on this evidence, the jury was authorized to find Boston guilty of the crimes charged. See OCGA § 16-6-4 (a) (defining child molestation); OCGA § 16-6-22 (a) (defining incest); OCGA § 16-6-22.2 (b) (defining aggravated sexual battery).

2. Although the evidence was sufficient, we are compelled to reverse Boston's convictions and remand for a new trial because the trial court erroneously conducted the trial after Boston absconded. The record shows that Boston was free on bond prior to trial. The morning of the first day of trial, before the jury was sworn,[1] the trial court asked the attorneys and Boston about the status of plea negotiations. The State described its plea offer and indicated that Boston had declined it. Defense counsel interjected that Boston had decided to accept the plea if he could wait two days before turning himself into custody. The trial court refused that condition, stating that it lacked authority to release Boston after sentencing. Boston requested permission to step outside of the courtroom to speak with his family about the offer, and the trial court recessed the proceedings "pending return of the defendant[.]"

---

[1] The jury was selected at a separate proceeding held approximately one month before the scheduled trial date.

Approximately thirty minutes later, defense counsel informed the trial court that she could not find Boston. Thirty minutes after that — and one hour after Boston left the courtroom to confer with family members — the trial court told the attorneys that Boston had been seen leaving the courthouse and "ha[d] not been heard from since." The trial court asked for suggestions on how to address Boston's absence, stating that, because Boston had voluntarily left the courthouse, it was inclined to try him in absentia. The State indicated that it was ready for trial. Defense counsel objected to proceeding "without a client," noting that she had intended to call Boston to testify. Despite this objection, the trial court moved forward with the trial, resolving several pretrial matters, then administering the oath to the jury. Boston never returned for trial, which proceeded without him and resulted in a guilty verdict on all charges. The trial court entered a bench warrant for Boston's arrest, and he was subsequently apprehended.

The constitutional guarantees of confrontation and access to the courts afford a criminal defendant the right "to be present at all proceedings had against him at the trial of his case." *Burch*, 343 Ga. App. at 477 (2) (citation and punctuation omitted); see also *Pollard v. State*, 175 Ga. App. 269, 269 (333 SE2d 152) (1985). Although a

defendant may waive this right by voluntarily absenting himself from the trial, waiver only occurs if the defendant leaves *after* trial commences. See *Pollard*, 175 Ga. App. at 270. For purposes of waiver, we have determined that "trial begins when jeopardy attaches[.]" Id.; see also *Burch*, 343 Ga. App. at 478 (2).

In the context of a jury trial, jeopardy attaches once a defendant "has been arraigned, has pled and a jury has been impaneled and sworn." *Pollard*, 175 Ga. App. at 270 (citation and punctuation omitted). The record shows that Boston absconded *before* the trial court swore in the jury. Jeopardy thus had not attached — and the trial had not yet begun — when he fled. See id. At that point, Boston's absence should have been handled "with bench warrants and bond forfeitures." Id. Proceeding with trial was not an option. See id.

Nevertheless, the State argues on appeal — and the trial court determined below — that *LaGon v. State*, 334 Ga. App. 14 (778 SE2d 32) (2015), supports a finding that Boston waived the right to be at his trial. In *LaGon*, we upheld the trial court's conclusion that an incarcerated defendant who refused to enter the courtroom for trial without causing a disturbance had waived his constitutional right to attend, permitting the trial court to swear in the jury and start the trial without him. See id.

4

at 24-25 (3). We explicitly recognized, however, that a different rule applies to defendants (such as Boston) who are *not* in State custody and absent themselves before trial begins. As we explained:

> [I]f a criminal defendant free on bond or on his own recognizance fails to appear at the start of trial, the trial court cannot try the defendant in absentia; instead, the trial court must delay the start of trial and rely on other sanctions such as bench warrants and bond forfeitures. Waiver principles do not apply in that context, and if the trial court conducts the trial in the absence of the defendant, the court violates the defendant's constitutional right to be present, entitling him to a new trial.

Id. at 23-24 (3) (citations and footnote omitted).

The trial court violated Boston's constitutional rights by trying him in absentia. Accordingly, we must reverse his convictions and remand this case for a new trial. See *Burch*, 343 Ga. App. at 479 (2) (defendant "entitled to a new trial because his right to be present was violated"); *Stacey v. State*, 254 Ga. App. 461, 462 (1) (562 SE2d 806) (2002) ("In the absence of jeopardy attaching, the waiver principles are inapplicable, and we must conclude that appellant is entitled to a new trial since his Sixth

Amendment right to confrontation was violated by trial proceeding in his absence.")

(citation and punctuation omitted); *Pollard*, 175 Ga. App. at 270 (same).

*Judgment reversed and case remanded with direction. Dillard, P. J., and Senior*

*Judge C. Andrew Fuller concur.*